HENRY CLICK vs. THE STATE OF TEXAS — Appeal from Anderson County.

A motion to quash an indictment is always addressed to the discretion of the court, which will be guided in the exercise of that discretion by certain rules.

At common law, the offense of kidnapping is treated as an aggravated species of false imprisonment, and all the ingredients in the definition of the latter are necessarily comprehended in the former.

The requisites of what was deemed necessary, or at least proper, in an indictment for kidnapping, at the common law, would seem to be: 1st. An averment of an assault. 2d. The carrying away or transporting of the party injured, from his own country into another, unlawfully, and against his will.

It is not sufficient to charge a defendant with *kidnapping* generally, for he cannot be thereby apprised of the facts he will be required to answer, but the indictment should state specifically the facts and circumstances which constitute that offense.

The appellant was indicted upon a charge of kidnapping, at the fall term, 1847. The indictment charges that the defendant, " on the first day of June, in the year of our Lord eighteen hundred and forty-seven, with force and arms, in said county, one Samuel Hinton, in the peace of God and of the state, then and there being, did forcibly seize, steal, take and carry away, and kidnap, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state."

At the spring term, 1848, the accused was arraigned and pleaded *not guilty*. At the fall term thereafter, he moved the court to quash the indictment for causes specified in the motion. But the court refused the motion. There was a trial and verdict of *guilty*. The defendant then moved in arrest of judgment, and assigned the following causes:

" 1st. No assault is averred to have been committed upon the said Hinton.

" 2d. There is in the indictment no allegation that said Hinton was taken against his will or without his consent.

" 3d. There is no allegation that the taking was unlawful or without process of law.

" 4th. The purpose or object for which said Hinton was taken is not set forth.

" 5th. The facts and circumstances which constitute the offense of kidnapping are not set forth in said indictment; but only the generic term of kidnapping is used.

" 6th. The indictment is double, uncertain and repugnant."

The motion in arrest of judgment was overruled, and the defendant appealed.

JENNINGS for appellant.

Up to the time of the pendency of the indictment in this case, we had no statute on the subject of kidnapping. This must be regarded, then, as a common law charge. Our criminal books, both in England and our sister states, treat in a very meagre manner of this offense. I have been unable to find a single form of an indictment for kidnapping, at common law. It will be found, however, from the definition and nature of kidnapping, that the ingredients of the offense are the same as those in false imprisonment; the only difference being, that in kidnapping the ingredient of carrying out of one's country, beyond the protection of its laws, is contained in addition to the unlawful imprisonment. Applying, then, the rules governing indictments for false imprisonment, to this indictment, it will be found to be fatally defective in several particulars, but especially because some allegations are wanting in it which are essential to an indictment for, nay to the very definition of kidnapping, to wit, that the taking was against the consent of the object of it, and so of the stealing; that they were unlawful, and that the asportation was, at least, out of this state.

HARRIS, Attorney General, for appellee.

The indictment contains the words " *vi et armis*," and these

import not only violence, but unlawful violence. The presence of the word unlawfully in the indictment could not have given any greater degree of certainty to the offense charged. [Jacob's Law Dic. Tit. Indict.]

The carrying away out of the state, as an ingredient of the offense, was sufficiently charged in the indictment. The words carrying away are used with reference to the offense charged, and mean, when used in connection with the term kidnapping, such a "carrying away" as to constitute the offense.

The indictment is sufficiently certain to support the verdict, and when this is the case, the rule is that it must be held good.

Mr. Justice WHEELER, after stating the facts, delivered the opinion of the court, Justice LIPSCOMB not sitting.

For the appellant, it is insisted that the court erred:

1st. In refusing to quash the indictment.

2d. In overruling the motion in arrest of judgment.

1. As the motion in arrest of judgment appears to embrace all the grounds which could be available to the defendant upon a revision of the motion to quash, it is unnecessary to consider the latter, except to observe that a motion to quash an indictment is always addressed to the discretion of the court. [1 Chit. Cr. L. 299, 301; Whart. Cr. L. 131.] And the court will grant or refuse the motion, as in its discretion it may deem proper; being guided in the exercise of that discretion by certain rules. [1 Chit. Cr. L. 299.]

Where the application is made on the part of the defendant, the English courts, it is said, have almost uniformly refused to quash an indictment when it appeared to be for some enormous crime; and they have also, in a great many instances, refused to quash indictments for minor offenses. [Whart. Am. Cr. L. 131.] It is in the discretion of the court to quash an indictment for insufficiency, or put the party to a motion in arrest of judgment. But when the question is doubtful the court will refuse to quash the indictment. [Id.] The court will not quash an indictment except in a very clear case [Id.; 4 Yeates, 69; 1 Murph. 213], but will put the party to a demurrer, or motion in arrest of judgment. "The court is under no legal obliga-

tion to quash a defective indictment on motion before the trial is concluded, as the party indicted has his remedy by a demurrer, or by a motion in arrest of judgment." [10 Shep. 191.]

" When the motion is made on the part of the defendant," says Mr. Chitty, " the rules by which the court is guided are more strict, and their objections are more numerous; because, if the indictment be quashed, the recognizances will become ineffectual; and the courts usually refuse to quash on the application of the defendant when the indictment is for a serious offense, unless upon the clearest and plainest ground, but will drive the party to a demurrer, or motion in arrest of judgment, or writ of error." [1 Chit. Cr. L. 300.]

The application, it is said, if made on the part of the defendant, must be made before plea. [Whart. Cr. L. 132.] But in some of the American courts, the practice is always to permit the plea of not guilty to be withdrawn, in order to hear a motion to quash. [2 South. 539.] This, however, is a matter entirely within the discretion of the court, it being a rule which the discretion of the courts have adopted for their guidance, and from which, of course, they may vary." [1 Chit. Cr. L. 303.]

2d. In order to determine the sufficiency of the indictment, to which alone the motion in arrest of judgment is directed, it becomes necessary to recur to the definition and description of the offense charged.

At the time of the alleged commission of the offense, and of the finding of this indictment, there was no statutory definition, or express recognition of the crime of kidnapping. It is to the common law alone, therefore, that we must look to test the sufficiency of the definition and description of the offense contained in this indictment.

Kidnapping is defined to be " the forcible abduction and conveying away of a man, woman or child, from their own country, and sending them to another." [2 Tom. L. Dic. 335; 4 Bl. Com. 219; 1 East. P. C. 430, sec. 4.]

This offense is treated as an aggravated species of false imprisonment. [Roscoe on Ev. 465; 1 East. P. C. 430.] And

all the ingredients in the definition of the latter offense are necessarily comprehended in the former.

These are: "1. The detention of the person. 2. The unlawfulness of such detention. Every confinement of the person is an imprisonment." "Unlawful, or false imprisonment consists in such confinement or detention without sufficient authority." [3 Bl. Com. 127; 1 Tom. L. Dic. 755.] These essential elements in the definition of the offense must enter into the description of it in the indictment. And to constitute it the offense of kidnapping, proper at common law, another circumstance would seem to be necessary, viz.: that of sending away the person, upon whom the offense is committed, from his own country into another. In East's Pleas of the Crown, p. 430, it is said "the forcible abduction, or stealing and carrying away of any person, is greatly aggravated *by sending them away from their own country into another, properly called kidnapping.*" If this latter be an essential ingredient in the offense of kidnapping, the present indictment must be defective in not containing this averment. The only precedents of indictments for kidnapping at common law, to which we have had reference, contain this averment. And so far as the precedents may be regarded as furnishing evidence of what was deemed necessary, or at least proper, in an indictment for this offense at the common law, the requisites as deducible from them would seem to be: 1st. An averment of an assault. 2d. The carrying away or transporting of the party injured from his own country into another, unlawfully, and against his will. [1 Tremaine's Pleas of the Crown, 216.]

But if this transportation, or carrying away from his own country into another, be not necessary to constitute the offense, or if the offense intended to be charged in the present indictment be not properly kidnapping, but that of the abduction or "stealing and carrying away, or secreting of the person upon whom it is alleged to have been committed, *sometimes called* kidnapping," still it amounts to, at least, an aggravated species of false imprisonment [id.], and the indictment must contain every averment necessary to the description of that offense.

The unlawfulness, or the want of lawful authority, we have seen is one of the circumstances necessary to constitute the offense, and it is nowhere averred in the present indictment. The omission cannot be supplied by the conclusion of the indictment "*contrary to the form of the statutes*," for it is founded on no statute, and can only be sustained as a good indictment at common law by rejecting the conclusion as surplusage. [Whart. Am. Cr. L. 105, 6, No. 3; 1 Chit. Cr. L. 290.]

To constitute the crime of kidnapping, the asportation or conveying away must have been against the will and without the consent of the party injured, and without any lawful warrant or authority therefor, and these essential circumstances descriptive of the offense charged should appear by averment in the indictment. [3 Chit. Cr. L. 835 to 841.] Under the present indictment, the defendant could not have been convicted of the less offense of an assault, for the reason that no assault is charged to have been committed by him. "The rule, it has been said, that a man shall not be charged with one crime and convicted of another, may sometimes cover real guilt, but its observance is essential to the preservation of innocence." [7 Cranch, 389.]

The words employed in this indictment are not descriptive of the offense of kidnapping at common law, however they might be of the offense inhibited by some of the numerous statutes in England enacted for the punishment of the abduction, stealing or secreting of men, women and children. It is not sufficient to charge the defendant in this case with *kidnapping* generally, for he cannot be thereby apprised of the facts he will be required to answer. But the indictment should state specifically the facts and circumstances which constitute that offense. This not having been done in the case before us, we are of opinion that the indictment is defective and insufficient, and does not support the conviction had, or authorize a judgment of condemnation upon it; and that the motion in arrest of judgment for this cause ought to have been sustained.

The judgment must therefore be reversed, and the cause remanded for further proceedings.