JUAN CASTILLO v. THE STATE.

*No. 3362.  Decided October 18.*

**1.  Kidnapping** is but an aggravated species of false imprisonment, and as in false imprisonment, to constitute the offense there must be a wilful detention of a person without such person's consent, and without authority of law.

**2.  Same.**—The fact that the statute prescribes that if the person kidnapped be a female under the age of fifteen years it is not necessary that *force* should be used upon her in order to constitute the offense does not dispense with the *non-consent* of the female, whatever her age may be.  Consequently it is *held* that to constitute kidnapping the detention must be against the consent of the person detained, and in no case can the offense be committed when such person consents to the detention.  See the opinion on the question.

**3.  Same—Fact Case.**—The proof in this case shows that the female went and remained with defendant voluntarily, and that no force was used to remove or detain her.  *Held,* insufficient to support the conviction.

APPEAL from the District Court of Cameron.  Tried below before Hon. J. C. Russell.

This conviction was for kidnapping a female, and the penalty assessed was a term of two years in the penitentiary.

No brief for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE. — This conviction is for kidnapping a female. "Kidnapping" is an aggravated species of false imprisonment.  Penal Code, art. 521; Click v. The State, 3 Texas, 282.  In this offense, as in false imprisonment, there must be a wilful detention of a person without such person's consent, and without authority of law.  Penal Code, art. 513; Maner v. The State, 8 Texas Ct. App., 361.  If the person kidnapped be a female under the age of fifteen years it is not necessary that *force* should be used upon her in order to constitute the offense.  Penal Code, art. 513.  But there is no provision dispensing with the *non-consent* of the female, whatever her age may be, as there is in the statute relating to the offense of abduction.  Penal Code, art. 525.  That the offense of kidnapping may, in the case of a female under the age of fifteen years, be committed without the use of *force* upon her does not imply that her *non-consent* is not essential to constitute the offense.  We must hold that to constitute the offense of kidnapping the detention must be against the consent of the person detained, and in no case can the offense be committed when such person consents to the detention.  This may be a defect in the statute, but it is not for this or any other court to engraft upon a penal statute an exception which would enlarge its scope and effect unfavorably against an accused.

It might be well to prescribe with reference to this offense, as it has been prescribed in the case of the abduction of a female, that if the person kidnapped be under the age of fourteen years the offense may be committed although the person kidnapped may consent thereto. But the statute has not so prescribed, and we must be controlled in our decision by the law as we find it.

In this case no force was used in taking the female or in keeping her. To our minds it plainly appears from the evidence that she went and remained with the defendant voluntarily, consenting to all his propositions and acts. She was over fourteen years of age, and the evidence makes it probable that she left with the defendant for the purpose of marrying him.

Because in our opinion the evidence does not show that the defendant has committed the offense of which he has been convicted, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.