**David John DURHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 50530, 50531.**

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

Joe Slator Petsch, Del Rio, for appellant.

John F. Pettit, Dist. Atty., Durwood Edwards, Asst. Dist. Atty., Del Rio, Jim D. Vollers, State's Atty., and David S. McAn-

gus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In the two cases, appellant was convicted of delivery of marihuana. Punishment in each case was assessed at three years.

The indictments in both cases allege that on or about the named date (October 19, 1973 in No. 50,530, and November 2, 1973 in No. 50,531) appellant "did then and there unlawfully, knowingly and intentionally deliver marihuana to Richard Cantwell."

Section 4.05 of the Texas Controlled Substances Act provides for offenses involving both the possession and delivery of marihuana. The portions of Sec. 4.05 applicable to offenses relating to the delivery of marihuana are subsections (d), (e), and (f), providing as follows:

"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

"(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree.

"(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration."

This appeal will be disposed of on the insufficiency of the indictments to allege a felony offense.

As we stated in *Suarez v. State,* Tex.Cr. App., 532 S.W.2d 602 (No. 51,096, January 21, 1976),

"The proper interpretation of these statutory provisions is that (1) delivery of more than one-fourth ounce of marihuana is a felony of the third degree regardless of whether the delivery was for remuneration; (2) the delivery of any amount of marihuana for remuneration is a felony

of the third degree; and (3) the delivery of less than one-fourth ounce of marihuana without remuneration is a Class B misdemeanor. *Gonzales v. State,* Tex.Cr. App., 530 S.W.2d 570 (Nos. 51,166 and 51,167, delivered December 10, 1975)."

Since the indictments in the instant cases do not allege the quantity of marihuana delivered, or whether the delivery was for remuneration, they do not allege a felony offense. *Suarez v. State,* supra, and authorities there cited; *Gonzales v. State,* supra; *Wilson v. State,* Tex.Cr.App., 520 S.W.2d 377. However, for the reasons stated in *Suarez,* we hold, as we held in that case, that an indictment which alleges the offense of delivery of marihuana, but fails to allege the quantity of marihuana delivered or that it was delivered for remuneration, alleges an offense punishable as a Class B misdemeanor.

We accordingly reverse the judgments of conviction for felony offenses, and remand the causes to the trial court for transfer to a court having jurisdiction of the misdemeanor offense of delivery of marihuana.[1] See *Suarez v. State,* supra.

Opinion approved by the Court.

ONION, Presiding Judge (concurring in part and dissenting in part).

For reasons stated in Part I of my opinion concurring in part and dissenting in part in *Suarez v. State,* 532 S.W.2d 602 (Tex.Cr.App. # 51,096, delivered January 21, 1976), I concur in part and dissent in part.

1. Nothing herein precludes reindictment consistent herewith.