**Ricky Lawrence CARPENTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53314.**

Court of Criminal Appeals of Texas.

May 25, 1977.

Rehearing Denied June 22, 1977.

Louis Dugas, Jr., Orange, for appellant.

Bill A. Martin, Dist. Atty., and Monte D. Lawlis, Asst. Dist. Atty., Jasper, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated kidnapping. The jury assessed

punishment at 60 years' confinement in the Texas Department of Corrections. Because the indictment fails to allege an offense over which the District Court had jurisdiction, the judgment must be reversed.

Omitting the formal parts, the indictment alleges that on or about June 20, 1975, appellant:

"did then and there intentionally and knowingly restrain Kimberly Jean Rogers by secreting and holding her in a place where she was not likely to be found without the consent of Kimberly Jean Rogers and with the intent to violate and abuse sexually the said Kimberly Jean Rogers."

Section 20.04 of our new Penal Code defines aggravated kidnapping, in part, as follows:

"(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

\* \* \* \* \* \*

"(4) inflict bodily injury on him or violate or abuse him sexually;

\* \* \* \* \* \*

"(b) An offense under this section is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which event it is a felony of the second degree."

Although the indictment correctly alleges the necessary culpable mental states[1] and also alleges the required intent to violate and abuse another,[2] it fails to allege that the appellant *abducted* the complainant; instead, the indictment alleges that appellant *restrained* the complainant, and, more specifically, that he restrained her "by secreting and holding her in a place where she was not likely to be found without [her] consent."

This substitution of restraint for abduction in the indictment is an important one because Chapter 20 of the Penal Code, which includes aggravated kidnapping, makes restraint less culpable conduct than

abduction. Restraint and abduction are defined in Section 20.01 of the Code, as follows:

"Sec. 20.01. Definitions

"In this chapter:

"(1) 'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is 'without consent' if it is accomplished by:

"(A) force, intimidation, or deception; or

"(B) any means, including acquiescence of the victim, if he is a child less than 14 years of age or an incompetent person and the parent, guardian, or person or institution acting in loco parentis has not acquiesced in the movement or confinement.

"(2) 'Abduct' means to restrain a person with intent to prevent his liberation by:

"(A) secreting or holding him in a place where he is not likely to be found; or

"(B) using or threatening to use deadly force."

\* \* \* \* \* \*

Then, Section 20.02 defines the offense of false imprisonment as the intentional or knowing *restraint* of another person and provides that false imprisonment is a Class B misdemeanor, except where the actor recklessly exposes the victim to a substantial risk of serious bodily injury, in which case it is a third degree felony. V.T.C.A., Penal Code, Secs. 20.02(a), (c).

Sections 20.03 and 20.04 define kidnapping and aggravated kidnapping, both of which are classed as felonies; both contain as a necessary element the fact of *abduction.*

█ Thus, the Code makes *abduction* felony conduct, while *restraint* is generally condemned as misdemeanor conduct by the false imprisonment statute. Hence, a false

---

**1.** See V.T.C.A., Penal Code, Secs. 6.02, 6.03.

**2.** See Art. 21.05, Vernon's Ann. C.C.P.

imprisonment indictment which alleges mere *restraint* does not invoke the jurisdiction of the district court, unless the indictment also sets out the added penalty allegations of Section 20.02(c). See *Wilson v. State,* 520 S.W.2d 377 (Tex.Cr.App.1975); *Mears v. State,* 520 S.W.2d 380 (Tex.Cr.App. 1975); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975). Clearly, the indictment in this case does not allege that the appellant recklessly exposed the complainant to a substantial risk of serious bodily injury; felony false imprisonment has not been alleged.

■ However, as a reading of Section 20.01(2) reveals, abduction is defined in terms of restraint; in fact, it can be said to be an aggravated form of restraint. It follows that if the indictment is otherwise sufficient, yet fails to allege abduction itself, but instead alleges all of the statutory elements of abduction, it is sufficient. *Ex Parte Cannon,* 546 S.W.2d 266, 272 (Tex.Cr. App.1976) (opinion on motion for rehearing).[3]

■ The question, then, is whether the indictment properly alleges all of the elements of abduction.

Although the indictment does allege that appellant restrained the complainant by secreting and holding her in a place where she was not likely to be found, it fails to allege an essential element of abduction—that the appellant intended to prevent the liberation of the complainant. V.T.C.A., Penal Code, Sec. 20.01(2). By omitting this element, the State has failed to allege the offense of aggravated kidnapping.

Nor can this omission be justified by saying that the indictment *did* allege that the restraint was without the complainant's consent. First, lack of consent is an element of restraint, as defined in Section 20.01(1); therefore, its use in the indictment is surplusage. Second, it is clear that the intent to prevent another's liberation has a narrower and more particularized meaning than "without consent." Cf. Art. 21.05, Vernon's Ann.C.C.P.; *Ex Parte Cannon,* supra.

The indictment fails to allege aggravated kidnapping, or even kidnapping or felony false imprisonment. However, the indictment is sufficient to charge the misdemeanor offense of false imprisonment. Therefore, in accord with the holding in *Suarez v. State,* 532 S.W.2d 602, 603 (Tex.Cr.App. 1976), the judgment is reversed and the cause remanded.[4] See also *Durham v. State,* 532 S.W.2d 606 (Tex.Cr.App.1976).

DOUGLAS, Judge, dissenting.

The majority holds that the indictment for aggravated kidnapping is fundamentally defective because it does not allege that appellant intended to prevent the liberation of the complainant. The indictment alleges, in substance, all of the statutory elements of abduction and, thus, is sufficient.

The indictment alleges, in pertinent part, that on or about June 20, 1975, appellant ". . . did then and there intentionally and knowingly restrain Kimberly Jean Rogers by secreting and holding her in a place where she was not likely to be found without the consent of Kimberly Jean Rogers and with the intent to violate and abuse sexually the said Kimberly Jean Rogers."

This alleges an offense under V.T.C.A., Penal Code, Section 20.04, which provides in part:

"(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

---

**3.** In *Cannon* we held that "an indictment for burglary need not allege that the entry was with the intent to commit theft or a named felony, *provided* that it alleges instead the elements of the felony or theft in the indictment."

**4.** In *Suarez* the defendant was convicted of the felony offense of delivery of marihuana. The indictment failed to allege a felony offense but was sufficient to allege the misdemeanor offense of delivery of marihuana. We held that the proper disposition of the case was to "reverse the judgment of conviction for the felony offense and . . . remand the cause to the trial court to be transferred to a court having jurisdiction of the misdemeanor offense of the delivery of marihuana." Here, as in *Suarez,* this holding does not preclude the State from a valid re-indictment. *Id.,* at n.1.

"* * *

"(4) inflict bodily injury on him or violate or abuse him sexually;

"* * *

"(b) An offense under this section is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which event it is a felony of the second degree."

The indictment does not allege that appellant *abducted* the complainant. However, it does allege that he *restrained* her "by secreting and holding her in a place where she was not likely to be found without [her] consent."

In Chapter 20 of the Penal Code there is a significant distinction between the terms *restraint* and *abduction*. These terms are defined in Section 20.01 which recites:

"In this chapter:

"(1) 'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is 'without consent' if it is accomplished by:

"(A) force, intimidation, or deception; or

"(B) any means, including acquiescence of the victim, if he is a child less than 14 years of age or an incompetent person and the parent, guardian, or person or institution acting in loco parentis has not acquiesced in the movement or confinement.

"(2) 'Abduct' means to restrain a person with intent to prevent his liberation by: -

"(A) secreting or holding him in a place where he is not likely to be found; or

"(B) using or threatening to use deadly force."

Therefore, as the majority points out, abduction is an aggravated form of restraint. Under V.T.C.A., Penal Code, Sections 20.03 and 20.04, abduction constitutes felony conduct. But under V.T.C.A., Penal Code, Section 20.02, the false imprisonment provision, restraint constitutes misdemeanor conduct except where the actor recklessly exposes the victim to a substantial risk of serious bodily injury, in which event it is a third degree felony.

From the foregoing, it is clear that the indictment is sufficient if it alleges all of the statutory elements of abduction, even though it fails to allege the conclusory term "abduction" itself. See and compare, *Ex Parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App. 1976) (opinion on motion for rehearing).

The indictment alleges that appellant restrained the complainant by secreting and holding her in a place where she was not likely to be found, an essential element of abduction. It further alleges that the restraint was *without the complainant's consent*. This allegation is not mere surplusage (as an element of restraint) because, in conjunction with the prior allegation, it connotes that appellant intended to prevent the liberation of the complainant.

Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning or which include the sense of the statutory words."

The indictment properly alleges all of the statutory elements of abduction. Moreover, it correctly alleges the necessary culpable mental states, see V.T.C.A., Penal Code, Sections 6.02, 6.03, and the *required intent to violate and abuse sexually the complainant,* see Article 21.04, V.A.C.C.P. The particular intent to violate and sexually abuse complainant is an element of aggravated kidnapping only. Section 20.04, supra. Thus, the indictment, taken as a whole, sufficiently charges the offense of aggravated kidnapping.

There was no exception or motion to quash the indictment. Appellant and his attorney knew he was charged with aggravated kidnapping and to this day neither has claimed they had no notice of what appellant had to defend against.

The judgment should be affirmed.