**Ex parte Jerry Brock PRUITT.**

**No. 66533.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 28, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

In this original post-conviction habeas corpus proceeding under Art. 11.07, V.A.C. C.P., petitioner contends that he is entitled to relief because the indictment forming the base of his conviction was void.

The indictment, which was returned on July 16, 1975, charged that petitioner committed the offense of aggravated kidnapping on June 20, 1975. Apparently this was a companion case to *Carpenter v. State*, 551 S.W.2d 724 (Tex.Cr.App.1977), because the indictment in our record is in the exact language quoted by the Court in that case down to and including the date of the offense and the name of the complaining witness.

Petitioner pleaded not guilty to the offense but the jury found him to be guilty and assessed his punishment at confinement for ninety-nine years. No appeal was perfected and appellant is now represented by Staff Counsel for Inmates, Texas Department of Corrections.

The trial court has certified to this Court a copy of the indictment, judgment, and sentence and has confirmed that which is apparent upon the face of the record: the indictment was and is void and the conviction must be vacated under the decision in *Carpenter v. State*, supra.

We do not find it necessary to elaborate further upon either the law or the facts of the case since the fact structure of this case presents a mirror image to that considered by the *Carpenter* court. Petitioner is entitled to relief from the void conviction.

*Carpenter* was a direct appeal and the Court held that the language in the indictment was sufficient to charge the misdemeanor offense of false imprisonment; consequently, we reversed the felony conviction and remanded the cause. (551 S.W.2d at 726) From our record, it appears that petitioner has been confined at all times since his conviction on January 21, 1976, and is presently an inmate of the Texas Department of Corrections by virtue of said conviction.

The judgment and sentence of petitioner in Cause No. 5432 in the 1st Judicial District Court of Jasper County, Texas, dated January 21, 1976, being void, is now vacated and set aside. It is ordered that petitioner be released from further confinement in the Texas Department of Corrections by virtue of such sentence. It is further ordered that a copy of this opinion be delivered to the Warden of said department as his authority for the release of petitioner. The foregoing order is entered without prejudice to the right of the State to further prosecute the misdemeanor charge of false imprisonment. *Carpenter v. State*, supra (551 S.W.2d at 726).

Relief granted.

Opinion approved by the Court.

CLINTON, Judge, concurring.

So long as there is a code of criminal procedure whose revision came a decade earlier than enactment of a "modelized" penal code, difficulties similar to those besetting us in the case at bar are not likely to abate. In my view, problems of interpreting and construing related provisions of each were inevitable. The Code of Criminal Procedure sprang from one source—a committee of the State Bar of Texas working to update our existing code, particularly in light of needs seen in recent decisions of the Supreme Court of the United States; whereas the Penal Code is the creature of another—albeit a committee of the State

Bar, the mission was *"complete reform* of Texas Criminal Law"[1] utilizing, among other efforts, a study draft of a federal criminal code and the Model Penal Code of the American Law Institute. Introduction to 1973 Revision Texas Penal Code, 1 V.T.C.A. Penal Code vii–viii.

One may easily lose one's way in the resulting maze.

In a case such as this the point of ingress is in the Code of Criminal Procedure, namely Article 21.02, V.A.C.C.P., which prescribes the requisites of an indictment; its item 7 is the command: "The *offense* must be set forth in plain and intelligible words." This has always meant that plain and intelligible words must say that the accused did the things which constitute the offense[2] or, in more modern parlance, the things that are the essential elements of the offense charged.[3] Furthermore, Article 21.05, V.A.C.C.P. instructs that when "a particular intent is a material fact in the description of the offense, it must be stated in the indictment." Surely, that kind of "material fact" is an essential element.

Happily, one looking for elements of an offense has the general guidance of V.T.C.A. Penal Code, § 1.07(a)(13), where the term is defined to mean:

"(A) *the forbidden conduct* ;

(B) the required culpability;

(C) any required result; and

(D) the negation of any exception to the offense."

The seeker is also informed by *id.* § 1.07(a)(8) that "conduct" means "an act or omission and its accompanying mental state." The next step is to *id.*, § 6.01(a) and its instruction that a person commits an offense *"only* if he voluntarily engages in *conduct* . . . in violation of a statute that provides the *conduct* is an offense." From which it follows that there must be a statute that proscribes the conduct alluded to in a charging instrument.

In the case at bar the statute, with its definitional aids, is *id.*, § 20.04(a), and the offense alluded to in the instant indictment is thus prescribed:

"(a) A person commits an offense if he intentionally or knowingly *abducts* another person with the intent to

\*       \*       \*       \*       \*       \*

(4) . . . violate or abuse him sexually;" Specially defined for purposes of Chapter 20, as applicable here, by § 20.01(2), "abduct" means "to restrain a person *with intent to prevent his liberation* by:

(A) secreting or holding him in a place where he is not likely to be found; . . ."

Now, coming out of the maze, we have identified "intent to prevent his liberation" as the mental state accompanying the act of abducting. Returning to the point of ingress, then, the question is whether the indictment sets forth in plain and intelligible language that the accused did the things which constitute the offense or the things that are the essential elements of the offense.

It is at once obvious that missing from the language of the indictment is the word "abduct," generally thought to be the *sine qua non* of kidnapping and, indeed, according to the statute, is. That conduct is an essential element of the offense, for "the act . . . [of restraining] . . . *and its accompanying mental state*" of intent to prevent liberation make up that which is primarily forbidden by § 20.04(a),[4] supra. Instead of "abduct," the scrivener chose "restrain"— an act all right, but one which by definition, § 20.01(1), supra, does not require an accom-

---

**1.** All emphasis is mine unless otherwise indicated.

**2.** *Click v. State*, 3 Tex. 282, 286–287 (1848); *Edmonson v. State*, 41 Tex. 496, 498 (1874); *Johnson v. State*, 1 Tex.App. 146, 151 (Ct.App. 1876); *Greenlee v. State*, 4 Tex.App. 345, 347 (Ct.App.1878); *Moore v. State*, 7 Tex.App. 42 (1879).

**3.** *Ex parte Winton*, 549 S.W.2d 751, 752 (Tex. Cr.App.1977) and *Reynolds v. State*, 547 S.W.2d 590, 592 (Tex.Cr.App.1976) to cite but two of a multitude.

**4.** "A person commits an offense if he intentionally or knowingly *abducts* another person with the intent to . . ."

panying mental state. So, in using "restrain" alone, without the mental state of intent to prevent liberation, the pleader did not embrace every element of "abduct."

*Pollard v. State*, 567 S.W.2d 11 (Tex.Cr. App.1978), in which "abduct" was alleged, was correctly decided since using the language of the statute alleged an offense under § 20.04(a)(4) and thereby authorized the matter to proceed to disposition. *Carpenter v. State*, 551 S.W.2d 724 (Tex.Cr. App.1977) was also correctly decided because there, as here, the indictment omitted an essential element of the offense—the specific intent to prevent liberation that must be shown to accompany restraint in order to constitute abduction—and was, therefore, so fundamentally defective as to deprive the trial court of authority to proceed to disposition.[5]

A fatally defective indictment is, of course, void and, such a defect may be noticed at any time. That it has long been so is substantiated by, e. g., *Pospishel v. State*, supra, at note 5, and the host of cases it cites going back to *White v. State*, 1 Cr.R. 211, 215 (Ct.App.1876).

Accordingly, while joining the opinion of the Court in this cause, I have revisited the rules and statutes involved and authorities construing them to demonstrate that *Carpenter v. State*, supra, soundly applied them to reach a result that is manifestly correct.

McCORMICK, Judge, dissenting.

This is an original post-conviction habeas corpus proceeding brought under Article 11.07, V.A.C.C.P. It is petitioner's contention that relief should be granted because the indictment which was the basis of his conviction is identical to the one held insufficient to support a conviction for aggravated kidnapping in *Carpenter v. State*, 551 S.W.2d 724 (Tex.Cr.App.1977).[1]

The majority would grant relief based on *Carpenter*. *Carpenter v. State*, supra, was wrongly decided and should be overruled.

Omitting the formal parts, the indictment in petitioner's case, as in *Carpenter*, alleges that on or about June 20, 1975, petitioner:

"... did then and there intentionally and knowingly restrain Kimberly Jean Rogers by secreting and holding her in a place where she was not likely to be found without the consent of Kimberly Jean Rogers and with the intent to violate and abuse sexually the said Kimberly Jean Rogers."

In *Carpenter*, this Court held that the failure to allege an "intent to prevent liberation" prohibited a conviction for aggravated kidnapping. *Carpenter v. State*, supra, at 726.

With the adoption of the 1974 Penal Code, the offenses of false imprisonment, kidnapping and aggravated kidnapping were couched in terms of "restraint" of the victim and the accompanying factors which serve to elevate the severity of the offense.

V.T.C.A., Penal Code, Section 20.01, provides, in part, as follows:

"(1) 'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is 'without consent' if it is accomplished by:

"(A) force, intimidation, or deception; or

"(B) any means, including acquiescence of the victim, if he is a child less than 14 years of age or an incompetent person and the parent, guardian, or person or institution acting in loco parentis has

---

5. Article 27.08, V.A.C.C.P., allows an exception to, or motion to quash, an indictment when "it does not appear therefrom that *an offense against the law* was committed by the defendant." But even without an exception or motion being presented to the trial court, a defect in substance may be raised the first time on appeal for it is, in the term used but not coined by the Court in *Pospishel v. State*, 95 Tex.Cr.R.

625, 255 S.W. 738, 739 (1923), "fatally defective."

1. From the record before us, it appears that the indictment here is for the exact same offense alleged in *Carpenter*. The date of the offense, the victim, and the other factors set forth are identical.

not acquiesced in the movement or confinement.

"(2) 'Abduct' means to restrain a person with intent to prevent his liberation by:

"(A) secreting or holding him in a place where he is not likely to be found; or

"(B) using or threatening to use deadly force."

As can be seen, "restraint" becomes an "abduction" when it is coupled with either (A), the secreting or holding of the victim in a place where he is not likely to be found, or (B), when the "restraint" is coupled with the use or threatened use of deadly force. Mere "restraint" of another person is all that is required to support a conviction of false imprisonment under Section 20.02. However, if such "restraint" is coupled with either of the two aggravating factors set forth in Section 20.01(2)(A) or (B), the offense becomes kidnapping. (Section 20.03, Penal Code.) Finally, kidnapping under Section 20.03 becomes aggravated when any of the six factors set forth in 20.04(a) are present.

The language used in the drafting of these sections of the Penal Code came primarily from the *Study Draft of a New Federal Criminal Code* (1970). (Hereinafter referred to as "Draft".) Sections 1631 through 1633 of the "Draft" set forth the substantive offenses that are akin to our Sections 20.02 through 20.04, V.T.C.A., Penal Code. Section 1639 of the "Draft" defines the terms "restrain" and "abduct" which, with minor word changes, are comparable to the definitions set forth in Section 20.01 above. The commentary in the study "Draft" sets forth the following:

"The concept of 'restraint' is essentially one of unlawful imprisonment. When the element of hiding or endangering the victim is added, restraint becomes 'abduction', which, when the 'abduction' is for the purposes specified in Section 1631, constitutes kidnapping."

The purposes specified in Section 1631 of the "Draft" are essentially the same as those set forth in Section 20.04 of our Penal Code.

In *Pollard v. State*, 567 S.W.2d 11 (Tex. Cr.App.1978), this Court held that an indictment for aggravated kidnapping was sufficient if it alleged that the defendant "did then and there intentionally and knowingly abduct another person, Diane R. Smith, with the intent to violate and abuse Diane R. Smith sexually." There, the Court held that it was permissible to allege "abduct" or in lieu of the word "abduct" the statutory provisions of either Sections 20.01(2)(A) or (B), supra. Considering the legislative background of the provisions of Section 20.-01, V.T.C.A., Penal Code, "restraint" becomes "abduction" when the victim is secreted or held in a place where he is not likely to be found [Section 20.01(2)(A)] or when the use or threatened use of deadly force against the victim is present [Section 20.01(2)(B)]. When either of these two factors [(A) or (B)] are alleged (and proved), the intent to prevent the victim's liberation is manifested, and there is no need to allege that the restraint was with the intent to prevent the victim's liberation. Certainly, an indictment in terms of the one under consideration here places a defendant on notice to a greater degree than an indictment which merely alleges an "abduction" with intent to violate or abuse the victim sexually. *Pollard v. State*, supra. I cannot agree that the indictment in this case or in *Carpenter v. State*, supra, failed to allege the offense of aggravated kidnapping. It is inherent that an allegation that the person was restrained by secreting or holding him in a place where he is not likely to be found adequately alleges an abduction within the purview of the statute and within the intent of the Legislature. I further believe that the indictments in these two cases sufficiently conform to the provisions of Articles 21.11 and 21.17, V.A.C.C.P., to support a conviction for aggravated kidnapping. I would, therefore, overrule this Court's opinion in *Carpenter v. State*, 551 S.W.2d 724, and deny the petitioner's application.

I respectfully dissent.

W. C. DAVIS, J., joins in this dissent.