**Guadalupe Ricardo TENORIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–01–00516–CR.

Court of Appeals of Texas, San Antonio.

Nov. 6, 2002.

---

Richard J. Gonzalez, Attorney At Law, Laredo, for Appellant.

Jose M. Rubio, Jr., Webb County Dist. Atty., Laredo, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

Guadalupe Ricardo Tenorio ("Tenorio") contends that the trial court erred in amending the information charging him with failing to stop and give information after Tenorio had entered his guilty plea. The original information alleged that Tenorio failed to give information after he was involved in an accident resulting in damage to another vehicle. The amended information added that the damages resulted in a pecuniary loss of $200 or more, reclassifying the offense from a class C misdemeanor to a class B misdemeanor.[1] *See* TEX. TRANSP. CODE ANN. § 550.022(c) (Vernon 1999). Tenorio contends that the trial court erred in allowing the State to amend the information and that he is entitled to specific performance of his plea bargain agreement based on the original indictment.

On March 26, 2001, Tenorio signed written plea recommendations setting forth a plea bargain agreement with the State. In pertinent part, the agreement set forth an agreed recommendation that punishment be assessed at one year jail confinement, probated for two years. The plea memorandum also signed by Tenorio contains Tenorio's acknowledgment that the offense was a class B misdemeanor, punishable by confinement in jail for a term not to exceed 180 days. At the plea hearing, the trial court admonished Tenorio that he was charged with failure to stop and give information—a class B misdemeanor. The record reflects that Tenorio pled guilty in accordance with the plea bargain agreement. The trial court accepted Tenorio's plea and stated, in pertinent part, "The punishment assessed is one year to [be] served in the Webb County jail probated for two years." The trial court then recessed the case and set a formal sentencing hearing for April 30, 2001.

On April 30, 2001, defense counsel announced that the trial court was without authority to sentence Tenorio for a class B misdemeanor and that Tenorio had to be sentenced for a class C misdemeanor based on the absence of a pecuniary loss value in the original information. In response to further questioning, the trial court concluded that the parties did not have an agreement and that the case would need to start over again. The State moved to amend the information, and defense counsel objected. The trial court stated that he was permitting Tenorio to withdraw his plea and reset the case for pretrial. At a subsequent hearing, defense counsel did not seek to have the guilty plea withdrawn but insisted that the trial court sentence Tenorio under the original information. The trial court sentenced Tenorio in accordance with the plea agreement to

---

1. A class B misdemeanor is punishable by a fine, confinement in jail for a term not to exceed 180 days, or both, while a class C misdemeanor is only punishable by a fine. *See* TEX. PEN.CODE ANN. §§ 12.22, 12.23 (Vernon 1994).

one year jail confinement, probated for two years.

Article 28.10 of the Texas Code of Criminal Procedure prevents a trial court from amending an information over the defendant's objection after trial on the merits commences if the amended information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced. TEX.CODE CRIM. PROC. ANN. art. 28.10(c) (Vernon 1989). In this case, the State sought to amend the information after the trial had commenced and Tenorio had entered his plea. *See Westfall v. State*, 970 S.W.2d 590, 593 (Tex.App.-Waco 1998, pet. ref'd); *see also State v. Torres*, 805 S.W.2d 418, 421 (Tex.Crim.App.1991). Because Tenorio objected to the amendment, the amendment was improper if it: (1) charged Tenorio with an additional or different offense; or (2) prejudiced the substantial rights of the defendant.

■■■ Tenorio contends that the reclassification of the offense from a class C misdemeanor to a class B misdemeanor is a different offense. A "different offense" under article 28.10 means a different statutory offense. *Flowers v. State*, 815 S.W.2d 724, 728 (Tex.Crim.App.1991). "A change in an element of an offense changes the evidence required to prove that offense, but it is still the same offense." *Id.* Changing the value of the pecuniary loss from an unalleged value to $200 did not charge a different statutory offense because the offense was still failure to stop and give information. Instead, the amendment merely changed an element of that offense. *Garth v. State*, 3 S.W.3d 218, 223 (Tex.App.-Dallas 1999, no pet.).

■■■ Finding that the amendment did not charge Tenorio with a different offense does not end our analysis. The trial court

may have erred in allowing the amendment if it prejudiced the "substantial rights" of the defendant. *Flowers*, 815 S.W.2d at 729. "Exactly what rights may be 'substantial' in a given case will depend on the circumstances of the case." *Id.*

■■■ In this case, Tenorio appears to be arguing that he had a substantial right to seek specific performance of his plea bargain agreement and that the amendment prejudiced that substantial right. This argument, however, ignores the actual terms of the plea agreement. Tenorio agreed in the plea documents to a sentence of one year jail confinement, probated for two years. Because the original information did not authorize the trial court to impose the sentence to which the parties had agreed, specific performance of the plea agreement is not possible. *See Shannon v. State*, 708 S.W.2d 850, 852 (Tex.Crim.App.1986). Because specific performance of the plea bargain was impossible, the trial court's only alternative was to allow Tenorio to withdraw his plea of guilty, returning both parties to their original positions. *Shannon*, 708 S.W.2d at 852. Although we conclude that the substantial right asserted by Tenorio, specific performance of the plea bargain agreement, was not prejudiced because Tenorio is not entitled to specific performance under the law, we reverse the trial court's judgment because we conclude Tenorio was entitled to withdraw his plea. *See id.* Accordingly, the trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.[2]

---

2. For purposes of remand, we note that the   written admonishments correctly state that

the punishment range for a class B misdemeanor is limited to 180 days confinement; accordingly, a sentence of one year may be a void sentence.