

NUMBER 13-11-00020-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CODY DAVIS HUNT,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                 Appellee.

**On appeal from the 36th District Court
of San Patricio County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

Following a bench trial, appellant Cody Davis Hunt was convicted of deadly conduct involving the discharge of a firearm, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.05(b) (West 2003). He was sentenced to two years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. By a single issue on appeal, Hunt argues that the trial court erred by granting the State's oral motion to amend the indictment. We affirm.

# I. BACKGROUND

Hunt was indicted by a San Patricio County grand jury on July 13, 2010. The first count in the indictment alleged that Hunt, on or about April 9, 2010, "knowingly discharge[d] a firearm at or in the direction of a habitation" and "was then and there reckless as to whether the habitation was occupied." *See id.* § 22.05(b)(2) ("A person commits an offense if he knowingly discharges a firearm at or in the direction of . . . a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied."). The first count specified that Hunt "discharged a firearm in the direction of the occupied residence of Janie Hunt Meadows."

The second count of the indictment alleged that Hunt, on the same date, "knowingly discharge[d] a firearm at or in the direction of a vehicle" and "was then and there reckless as to whether the vehicle was occupied." *See id.* The second count specified that Hunt "drove by and discharged a firearm at a vehicle owned by Joseph Mitchell which was located at Joseph Mitchell's residence."

Hunt pleaded not guilty to both counts and the case was called for non-jury trial on October 6, 2010. The following exchange then occurred:

| | |
|---|---|
| THE COURT: | The next case for hearing this afternoon is State of Texas versus Cody Davis Hunt, Cause Number S-10-3207-CR. [Prosecutor], you are here on behalf of the State. Are you ready to proceed? |
| [Prosecutor]: | Yes, Your Honor. The State does have one oral motion to amend the indictment. The names are switched. Count one has Ms. Janie Hunt Meadows. It should be Janie Hunt Mitchell. Count 2 has Joseph Mitchell in two places and it should be Joseph Meadows. |
| [Defense counsel]: | Your Honor, I'm going to object to the amendment of the indictment. The grand jury came back with the names in one fashion and I think the case ought to |

2

|  |  |
|---|---|
| | proceed in that fashion, Your Honor, and I have not been given any notification that they were going to change the names so I'm going to object to the amendment of the indictment on the State's own motion. |
| [Prosecutor]: | Judge, I don't think he's entitled to object to the amendment. I think he's entitled to 10 days for preparation and if he's asking for those 10 days, then he can have that. |
| | . . . . |
| THE COURT: | The Court is going to grant the amendment as prayed for. However, you do have a right, if you wish to, [defense counsel], to have a continuance in this case. Are you requesting a continuance in this case? |
| | . . . . |
| [Defense counsel]: | Right now, Your Honor, we'll waive our 10 days. |

The trial court then asked Hunt directly whether he wished to waive the right to have ten additional days to prepare for trial; Hunt responded "Yes, Your Honor; I do."

After hearing evidence, the trial court found Hunt guilty of the first count and not guilty of the second count. Hunt was sentenced to two years' imprisonment. This appeal followed.

## II. DISCUSSION

Hunt contends on appeal that the trial court erred by granting the State's oral motion to amend the indictment. Instead, according to Hunt, the trial court should have compelled the State to "resubmit the indictment to the grand jury for correction."[1]

---

[1] Hunt's argument with respect to this issue, in its entirety, is as follows:

Art. 21.09 of the Texas Code of Criminal Procedure specifically states that personal property involved in an indictment must be identified by ownership. In this particular case the initial indictment to which the Defendant plead Not Guilty specifically stated that the house in question was owned by Janie Hunt Meadows when in fact it was owned by Janie Hunt Mitchell. If the wrong name had been used, the State's burden would have

3

Article 28.10(c) of the Texas Code of Criminal Procedure provides that "[a]n indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." TEX. CODE CRIM. PROC. ANN. art. 28.10(c) (West 2006).

The Texas Court of Criminal Appeals has held that "a different offense" in the context of article 28.10(c) "means a different statutory offense." *Flowers v. State*, 815 S.W.2d 724, 728 (Tex. Crim. App. 1991); *see Tenorio v. State*, 94 S.W.3d 719, 722 (Tex. App.—San Antonio 2002, no pet.); *Bynum v. State*, 874 S.W.2d 903, 906 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). "A change in an element of an offense changes the evidence required to prove that offense, but it is still the same offense." *Flowers*, 815 S.W.2d at 728; *Tenorio*, 94 S.W.3d at 722; *Bynum*, 874 S.W.2d at 906. Here, the alteration of the indictment requested by the State and granted by the trial court merely switched the names of Meadows and Mitchell. Hunt was charged with deadly conduct involving the discharge of a firearm under both the original and amended indictments. These are the same statutory offenses; thus, this amendment

been to present the case to the grand jury for a new indictment to correct the name of the owner of the house in question. Under Art. 1.141, of the Texas Code of Criminal Procedure, the Defendant in this case never waived his right to be accused by an indictment. Instead, the Court proceeded to correct the wrong last names of the alleged victims and insert the correct last names over the objection of the Defendant.

After judgment vests, Defendant has a duty to object to any defect of form or substance of the indictment or else that defect is waived. [*Ex parte Long*, 910 S.W.2d 485 (Tex. Crim. App. 1995)].

Hunt's brief does not comply with the Texas Rules of Appellate Procedure in that it does not "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Nevertheless, out of an abundance of caution and in our sole discretion, we choose to address the merits of Hunt's issue.

does not violate the "different offense" prohibition in article 28.10. *See Flowers*, 815 S.W.2d at 728; *Tenorio*, 94 S.W.3d at 722; *Bynum*, 874 S.W.2d at 906.

We further find that Hunt's substantial rights were not prejudiced by the amendment. The record reflects that Hunt gave a voluntary written statement to police in which he acknowledged that Janie Mitchell is his aunt and that he knew Janie Mitchell resided at the house which was shot. Moreover, Hunt specifically informed the trial court that he wished to waive any additional time to prepare for trial. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10(a) ("On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information."). There is no indication that Hunt was unable to adequately prepare his defense because of the amendment to the indictment. *See Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986) ("The important question [in determining whether a defendant's substantial rights were prejudiced] is whether a defendant had notice adequate to prepare his defense."). Under these circumstances, we cannot say that Hunt's substantial rights were prejudiced by the trial court's decision to allow the amendment. We overrule Hunt's issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
29th day of August, 2011.

5