NUMBER 13-11-00020-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

CODY DAVIS HUNT,                                                                     Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 36th
District Court

of San Patricio County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

            Following a bench trial,
appellant Cody Davis Hunt was convicted of deadly conduct involving the
discharge of a firearm, a third-degree felony.  See Tex. Penal Code Ann. § 22.05(b) (West
2003).  He was sentenced to two years’ imprisonment in the Institutional
Division of the Texas Department of Criminal Justice.  By a single issue on
appeal, Hunt argues that the trial court erred by granting the State’s oral
motion to amend the indictment.  We affirm.

I. 
Background

            Hunt was indicted by a San
Patricio County grand jury on July 13, 2010.  The first count in the indictment
alleged that Hunt, on or about April 9, 2010, “knowingly discharge[d] a firearm
at or in the direction of a habitation” and “was then and there reckless as to
whether the habitation was occupied.”  See id. § 22.05(b)(2) (“A person
commits an offense if he knowingly discharges a firearm at or in the direction
of . . . a habitation, building, or vehicle and is reckless as to whether the habitation,
building, or vehicle is occupied.”).  The first count specified that Hunt
“discharged a firearm in the direction of the occupied residence of Janie Hunt
Meadows.”

The second count of the indictment
alleged that Hunt, on the same date, “knowingly discharge[d] a firearm at or in
the direction of a vehicle” and “was then and there reckless as to whether the
vehicle was occupied.”  See id.  The second count specified that Hunt
“drove by and discharged a firearm at a vehicle owned by Joseph Mitchell which
was located at Joseph Mitchell’s residence.”

Hunt pleaded not guilty to both counts
and the case was called for non-jury trial on October 6, 2010.  The following
exchange then occurred:

THE COURT:            The next case
for hearing this afternoon is State of Texas versus Cody Davis Hunt, Cause
Number S-10-3207-CR.  [Prosecutor], you are here on behalf of the State.  Are
you ready to proceed?

 

[Prosecutor]:              Yes, Your
Honor.  The State does have one oral motion to amend the indictment.  The names
are switched.  Count one has Ms. Janie Hunt Meadows.  It should be Janie Hunt
Mitchell.  Count 2 has Joseph Mitchell in two places and it should be Joseph
Meadows.

 

[Defense counsel]:  Your Honor, I’m
going to object to the amendment of the indictment.  The grand jury came back
with the names in one fashion and I think the case ought to proceed in that
fashion, Your Honor, and I have not been given any notification that they were
going to change the names so I’m going to object to the amendment of the
indictment on the State’s own motion.

 

[Prosecutor]:              Judge, I
don’t think he’s entitled to object to the amendment.  I think he’s entitled to
10 days for preparation and if he’s asking for those 10 days, then he can have
that.

 

                                    .
. . .

 

THE COURT:            The Court is
going to grant the amendment as prayed for.  However, you do have a right, if
you wish to, [defense counsel], to have a continuance in this case.  Are you
requesting a continuance in this case?

 

                                    .
. . .

 

[Defense counsel]:  Right now, Your
Honor, we’ll waive our 10 days.

 

The trial court then asked Hunt
directly whether he wished to waive the right to have ten additional days to
prepare for trial; Hunt responded “Yes, Your Honor; I do.”

            After hearing evidence,
the trial court found Hunt guilty of the first count and not guilty of the
second count.  Hunt was sentenced to two years’ imprisonment.  This appeal
followed.

II. 
Discussion

            Hunt
contends on appeal that the trial court erred by granting the State’s oral
motion to amend the indictment.  Instead, according to Hunt, the trial court
should have compelled the State to “resubmit the indictment to the grand jury
for correction.”[1]

Article 28.10(c) of
the Texas Code of Criminal Procedure provides that “[a]n indictment or
information may not be amended over the defendant’s objection as to form or
substance if the amended indictment or information charges the defendant with
an additional or different offense or if the substantial rights of the
defendant are prejudiced.”  Tex. Code
Crim. Proc. Ann. art. 28.10(c) (West 2006).

The Texas Court of
Criminal Appeals has held that “a different offense” in the context of article
28.10(c) “means a different statutory offense.”  Flowers v. State, 815
S.W.2d 724, 728 (Tex. Crim. App. 1991); see Tenorio v. State, 94 S.W.3d
719, 722 (Tex. App.—San Antonio 2002, no pet.); Bynum v. State, 874
S.W.2d 903, 906 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  “A change in
an element of an offense changes the evidence required to prove that offense,
but it is still the same offense.”  Flowers, 815 S.W.2d at 728; Tenorio,
94 S.W.3d at 722; Bynum, 874 S.W.2d at 906.  Here, the alteration of the
indictment requested by the State and granted by the trial court merely
switched the names of Meadows and Mitchell.  Hunt was charged with deadly conduct involving the discharge
of a firearm
under both the original and amended indictments.  These are the same statutory
offenses; thus, this amendment does not violate the “different offense” prohibition
in article 28.10.  See Flowers, 815 S.W.2d at 728; Tenorio, 94
S.W.3d at 722; Bynum, 874 S.W.2d at 906.

We further find that
Hunt’s substantial rights were not prejudiced by the amendment.  The record
reflects that Hunt gave a voluntary written statement to police in which he
acknowledged that Janie Mitchell is his aunt and that he knew Janie Mitchell
resided at the house which was shot.  Moreover, Hunt specifically informed the
trial court that he wished to waive any additional time to prepare for trial.  See
Tex. Code Crim. Proc. Ann. art.
28.10(a) (“On the request of the defendant, the court shall allow the defendant
not less than 10 days, or a shorter period if requested by the defendant, to
respond to the amended indictment or information.”).  There is no indication
that Hunt was unable to adequately prepare his defense because of the amendment
to the indictment.  See Adams v. State, 707 S.W.2d 900, 903 (Tex. Crim.
App. 1986) (“The important question [in determining whether a defendant’s
substantial rights were prejudiced] is whether a defendant had notice adequate
to prepare his defense.”).  Under these circumstances, we cannot say that
Hunt’s substantial rights were prejudiced by the trial court’s decision to
allow the amendment.  We overrule Hunt’s issue.

III. 
Conclusion

            The judgment
of the trial court is affirmed.

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

29th
day of August, 2011.









[1]
Hunt’s argument with respect to this issue, in its entirety, is as follows:

 

Art. 21.09 of the
Texas Code of Criminal Procedure specifically states that personal property
involved in an indictment must be identified by ownership.  In this particular
case the initial indictment to which the Defendant plead Not Guilty
specifically stated that the house in question was owned by Janie Hunt Meadows
when in fact it was owned by Janie Hunt Mitchell.  If the wrong name had been
used, the State’s burden would have been to present the case to the grand jury
for a new indictment to correct the name of the owner of the house in
question.  Under Art. 1.141, of the Texas Code of Criminal Procedure, the
Defendant in this case never waived his right to be accused by an indictment. 
Instead, the Court proceeded to correct the wrong last names of the alleged
victims and insert the correct last names over the objection of the Defendant.

 

After judgment
vests, Defendant has a duty to object to any defect of form or substance of the
indictment or else that defect is waived.  [Ex parte Long, 910 S.W.2d
485 (Tex. Crim. App. 1995)].

 

Hunt’s brief does not comply
with the Texas Rules of Appellate Procedure in that it does not “contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.”  Tex.
R. App. P. 38.1(i).  Nevertheless, out of an abundance of caution and in
our sole discretion, we choose to address the merits of Hunt’s issue.