**Sparky ROSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–902–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 14, 1991.

Elizabeth L. DeRieux, Huntsville, for appellant.

Travis L. McDonald, Jr., Huntsville, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Sparky Rose, appeals his judgment of conviction for the offense of aggravated assault on a guard employed by the Texas Department of Criminal Justice–Institutional Division (TDCJ–ID). TEX. PENAL CODE ANN. § 22.02 (Vernon 1989). The jury rejected appellant's not guilty plea and after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at forty years confinement in the Institutional Division of the Texas Department of Criminal Justice. We reverse and remand.

Appellant was indicted for causing bodily injury to Donald Neal, a Texas Department of Criminal Justice–Institutional Division (TDCJ–ID) guard, by "pushing him." The indictment was amended prior to trial to allege that appellant caused bodily injury to R. Kornacki, a TDCJ–ID guard, by "pushing him to the floor." The evidence showed that Kornacki entered appellant's cell to do a routine cell search. The cell was darkened and appellant was lying face down on the cell floor doing a daily prayer. Kornacki stepped close to appellant. Startled, appellant raised and pushed Kornacki back out of the cell. Kornacki ended up across the four foot hallway against a screen, where he slid down onto the floor. The bodily injury consisted of a red spot on Kornacki's back and some subsequent bruising and soreness. Another officer then escorted appellant to the lieutenant's office where the disciplinary process was

initiated. Appellant was punished through the TDCJ–ID disciplinary system for striking Officer Kornacki.

Appellant brings four points of error on appeal. We will first address points two and three. In point of error two, appellant asserts that the trial court erred in allowing the State to amend the indictment by changing the name of the victim from Donald Neal to R. Kornacki over his objection because the amended indictment charged him with an additional or different offense and prejudiced his substantial rights in violation of art. 28.10(c) of the Texas Code of Criminal Procedure. In point of error three, appellant claims that the trial court erred in allowing the State to amend the indictment by changing the name of the victim from Donald Neal to R. Kornacki because it violated his rights under the Texas Constitution, art. I, § 10 to have a grand jury determine probable cause to support the accusation.

The Grand Jury returned an indictment against appellant on April 2, 1987, alleging that he assaulted a Texas Department of Criminal Justice–Institutional Division Correctional Officer named Donald Neal. On July 29, 1988, the State filed a Motion to Amend the Indictment to charge the appellant with assault on R. Kornacki, another correctional officer. On June 13, 1989, when the case was finally set for trial, the judge granted the State's Motion to Amend, and granted the defendant a continuance of ten days to prepare for trial. The State never stated in its pleadings or in argument why the amendment was necessary. Nothing in the record reflects that the grand jury found probable cause to believe that appellant assaulted R. Kornacki. Appellant timely objected to the amendment, and the trial court granted the amendment over appellant's objection. Art. 28.10 of the Texas Code of Criminal Procedure (Vernon 1989) provides:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information ...

> \*    \*    \*    \*    \*    \*

> (c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

The charge of assaulting Donald Neal is different from the charge of assaulting R. Kornacki. Also, if the State could prove that appellant assaulted both Donald Neal and R. Kornacki, they would have been entitled to two separate convictions. So by charging that appellant assaulted R. Kornacki, the State charged appellant with an additional crime that he had never been charged with before. *See Brasfield v. State*, 600 S.W.2d 288 (Tex.Crim.App.1980).

Under the Texas Constitution, "no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury ..." Tex. Const. art. I, § 10.

In 1985, the following language was added to the Constitution by amendment:

> "the practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency and requisites, are as provided by law." Tex. Const. art. V, § 12(b).

Art. 28.10, supra, was amended in 1985 and in conjunction with the constitutional amendment, permitted, in limited circumstances, the amendment of indictments as to both form and substance.

Art. I, Section 10 of the Texas Constitution has not been withdrawn or amended. The State is still precluded from bringing a person to trial for a felony except upon indictment by a grand jury unless the accused waives indictment under Tex.Code Crim.Proc.Ann. art. 1.141 (Vernon 1977).

An indictment serves two purposes:

1. The determination by the grand jury of probable cause to support the alleged facts, and;

2. The State's primary pleadings which provide notice to the accused of the charges against him.

See *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App.1987).

An indictment cannot be amended under Art. 28.10 so as to deprive a person of his constitutional right to the grand jury determination of probable cause or right to notice. The amendment in the Texas Constitution art. V, § 12(b) and art. 28.10 changed the focus of the inquiry in situations where a prosecutor wants to amend an indictment without input from the grand jury. For a hundred years, Texas case law drew increasingly technical distinctions between amendments of form and amendments of substance. "Texas courts must now shift to a determination of what constitutes a 'different' offense from that originally charged and when are substantial rights of a defendant prejudiced by amendment of the charging instrument." *Flowers v. State*, 785 S.W.2d 890 (Tex.App.—El Paso 1990, P.D.R. granted).

We are confronted with two questions:
1. Does changing the alleged victim in an assault case constitute a different or additional offense from that originally charged, and thus violate art. 28.10(c)?
2. Does changing the alleged victim in an assault case prejudice the substantial rights of a defendant, and thus violate art. 28.10(c)?

■ Appellant contends that there is no element more central in the charge of Aggravated Assault on a correctional officer than the identity of the victim. We agree. In this case, the State had to prove that appellant assaulted Mr. Neal, that Mr. Neal was a correctional officer, that Mr. Neal was performing his duties at the time of the incident, that appellant knew Mr. Neal was a correctional officer, and that Mr. Neal received some bodily injury. Many months after grand jury returned an indictment, the prosecutor decided that he was unable to prove one or more of the elements required for a conviction. Therefore, the State amended the indictment to set up a wholly different case concerning a

Mr. Kornacki. This change violates art. 28.10(c) and the Texas Constitution's grand jury requirements. This change charges appellant with an additional or different offense and the substantial rights of appellant are prejudicial.

■ We propose this additional test: Had appellant been tried and found guilty on original indictment, would double jeopardy have barred trial on the amended indictment? The answer is clearly no.

Article 21.04 of the Code of Criminal Procedure provides:

The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense.

An indictment must allege on its face facts necessary to show that an offense was committed, bar a subsequent prosecution for the same offense and give defendant notice of precisely what he is charged with. *Terry v. State*, 471 S.W.2d 848 (Tex.Crim. App.1971). The original indictment as returned by the grand jury met the certainty requirements of art. 21.04. However, conviction for assaulting Donald Neal would not bar trial on the charge of assault on R. Kornacki. Therefore the amendment changed the offense in violation of art. 28.10(c).

Further, it would not have delayed justice to require the State to go back to the grand jury and reindict appellant if the prosecutor had the requisite evidence to get a new indictment. The State's Motion to Amend was filed in July of 1988, and the case was tried in August of 1989. The State had ample time during that fourteen months to take the case back to the grand jury for reindictment. We find that the amendment of the indictment was improper and the subsequent trial proceedings on the basis of such amendment were void. We sustain appellant's second and third points of error.

In his fourth point of error, appellant submits that the double jeopardy clause of the fifth amendment to the United States Constitution and art. I, section 14, Constitu-

tion of the State of Texas prohibit multiple punishments for the same offense and that appellant has been previously punished for the offense that is the subject of this case, and the State of Texas is precluded from imposing a second punishment.

During a pretrial hearing on July 10, 1989, the court considered appellant's pro se Motion to Quash alleging that appellant had been previously punished by the Texas Department of Corrections Disciplinary Committee. Appellant argued that because he had been previously punished for the same incident which was the subject of this prosecution, double jeopardy barred this criminal action. The judge denied the motion. Later, during the trial evidence of the nature of the disciplinary action was admitted. Appellant's punishment included being placed in solitary confinement, forfeiture of two years of good time and reduction to "time earning status line class three" where he could earn no good time.

■ Appellant's contention is without merit. The Texas and Federal courts have held that administrative sanctions imposed by prison officials upon a prisoner following his apprehension in connection with the commission of a crime is not a bar to subsequent prosecution for the crime in a court of competent jurisdiction. *McKinney v. State,* 491 S.W.2d 404 (Tex.Crim.App. 1973); *Feltrin v. State,* 627 S.W.2d 813 (Tex.App.—Waco 1982, no pet.); *Kerns v. Parratt,* 672 F.2d 690 (8th Cir.1982); *Gilchrist v. U.S.,* 427 F.2d 1132 (5th Cir.1970). Appellant's fourth point of error is overruled.

In his first point of error appellant contends that there was no evidence presented by the State at trial to establish the allegation in the indictment that concerned the sequence of the defendant's prior felony convictions. The portion of the indictment that alleges the sequence of the defendant's prior felony convictions reads as follows:

AND THE GRAND JURORS AFORESAID do further present that prior to the commission of the aforesaid offense by the said SPARKY ROSE, to wit: on the 19th day of MARCH 1971, in the 195TH

District Court of DALLAS County, Texas, in Cause Number C–70–6663–MN on the docket of said court the said SPARKY ROSE under the name of SPARKY JERRELL ROSE, was duly and legally convicted in said last named Court of a felony, to wit: ATTEMPT TO PASS A FORGED INSTRUMENT KNOWING THE SAME TO HAVE BEEN FORGED, as charged in the indictment, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction and said conviction was a final conviction and was a conviction for an offense committed by him, the said SPARKY ROSE, prior to the commission of the offense hereinbefore charged against him, as set forth in the above paragraph hereof,

AND THE GRAND JURORS AFORESAID do further present that prior to the commission of the aforesaid offense by the said SPARKY ROSE, to-wit: on the 28TH day of JANUARY 1977, in the Criminal District Court Number Two of DALLAS County, Texas, in Cause Number F–76–9379–HI on the docket of said Court the said SPARKY ROSE, under the name of SPARKY JERRELL ROSE, was duly and legally convicted in said last named Court of a felony, to-wit: BURGLARY OF A HABITATION, as charged in the indictment, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction and *said conviction became final prior to the commission of each of the aforesaid offenses.* (emphasis added)

Appellant does not complain about the finding of true on the March 19, 1971 conviction. However, the State alleged that appellant was convicted on January 28, 1977 in Cause Number F–76–9379–HI, in Dallas County and that the F–76–9379–HI conviction for Burglary of a Habitation was final before the commission of the 1971 conviction. The evidence on this issue consists of three of the eight pages marked as State's Exhibit No. 3: which establishes the date of the offense to be August 18, 1976, the judgment dated December 16,

1976, the mandate of affirmance from the Court of Criminal Appeals dated November 17, 1978.

State's Exhibit No. 4 establishes that the offense date of the March 19, 1971 conviction was July 25, 1970. No other evidence was presented to establish the sequence of defendant's alleged prior felony convictions.

█ There is *no* evidence that the 1977 conviction was final prior to the commission of the offense underlying the 1971 conviction as alleged in this indictment. § 12.42(d) of the Texas Penal Code (Vernon Supp.1991) provides:

> If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Criminal Justice–Institutional Division for life, or for any term of not more than 99 years or less than 25 years.

The State must prove its case against a defendant as alleged in the charging instrument. *Ex parte Augusta,* 639 S.W.2d 481 (Tex.Crim.App.1982). Appellant's first point of error is sustained in so far as the State's failure to meet its burden of proof at this trial. Since we found the amendment of the indictment to be improper and the subsequent trial proceedings on the basis of such amendment to be void it is recommended the State obtain a new indictment making the proper corrections.

The judgment of trial court is reversed, the order amending the grand jury indictment is vacated and the cause is remanded to the trial court.