**Robert Louis BYNUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–92–01260–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 14, 1994.

Discretionary Review Refused
June 29, 1994.

Pamela S. Derbyshire, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Harris County, for appellee.

Before WILSON, DUGGAN and ANDELL, JJ.

## OPINION

WILSON, Justice.

Appellant, Robert Bynum, appeals from a jury finding of guilty for the offense of aggravated assault. Appellant's first trial resulted in a mistrial after the jury was unable to reach a verdict. At a second trial, a second jury found appellant guilty of aggravated assault. After appellant pled true to two enhancement paragraphs, the jury assessed punishment at 50 years in prison. In six points of error on appeal, appellant argues the indictment was erroneously amended; the court erroneously granted a mistrial; the charge should have included an instruction on self-defense and a charge on the lesser included offense of reckless conduct; and the evidence was legally and factually insufficient to support the jury verdict. We affirm.

### Fact summary

On the evening of June 19, 1991, Tran Nguyen, a cashier at the Tidwell Food Mart, observed appellant attempting to leave the store with two six-packs of beer hidden beneath his coat. Tran Nguyen asked appellant if he was going to pay for the beer after he passed her at the counter. Tran Nguyen testified appellant did not respond, and con-

tinued to walk towards the exit. Tran Nguyen flipped a switch at the counter that electronically locked the door so that appellant was unable to leave. Appellant went to the counter and demanded Tran Nguyen open the door, but Tran told him to put the beer back or pay for it. Tran Nguyen called toward the back of the store for her father. Appellant walked towards the cookie aisle, dropped the beer, than asked Tran, "What beer," while holding open his coat. Tran released the lock on the door, and appellant left.

Tran testified appellant returned to the store that same evening at approximately 11:00 p.m. The door of the store was locked, and only regular customers were to be admitted. Tran Nguyen told her mother the man at the door was the man who had tried to steal beer earlier. When Tran and her mother looked back at the door, appellant was no longer there.

A few minutes later, appellant returned. Tran's mother told Tran to open the door to find out what appellant wanted. Tran did so. Appellant walked in and pointed with his finger at Tran. He said something, but Tran did not understand what he said. Appellant then walked back towards the beer section of the store, then went to a section of the store where her "uncle" Hoan Nguyen was stocking single beers. Appellant had a gun at this point. Tran testified appellant waved a gun in the air and told everyone to get on the ground. Tran got on the ground behind the counter. She heard Hoan screaming. Tran then stood up, and saw appellant pointing a gun towards Hoan's head while Hoan was scrambling on the ground towards the door. Appellant was following Hoan, still pointing the gun at him.

Tran's father, Mana Van Nguyen, testified he was standing near the end of the counter when appellant entered the store. Tran testified she did not believe appellant could see him. When appellant followed Hoan to the door while holding a gun on him, Mana Van Nguyen pulled a gun from his pocket, walked up behind appellant at the door, and pointed a gun at appellant. Mana Van Nguyen also grabbed appellant's hand to get him to release the gun. When appellant resisted, Mana Van Nguyen shot his gun once in the air. Appellant released the gun and tried to leave. Mana Van Nguyen then fired warning shots towards the ground, and held appellant at the scene until the police arrived.

When the police arrived, Mana Van Nguyen gave them his gun and the gun he recovered from appellant. During a search of appellant, a second gun was found.

Appellant represented himself pro se throughout the trial court proceeding, assisted by stand-by counsel.

## The indictment

Appellant argues in his first point or error the indictment charged a different offense when it was amended, in violation of TEX. CODE CRIM.P.ANN. art. 28.10(c) (Vernon 1989). The State argues that appellant did not preserve error on this issue.

Appellant was indicted August 29, 1991, for aggravated assault. The indictment included the following language:

[Appellant], heretofore on or about June 19, 1991, did then and there unlawfully intentionally and knowingly threaten imminent bodily injury to *Tran Nguyen* by using a deadly weapon, namely, a firearm.

(Emphasis added.)

On January 6, 1992, a hearing was held on the State's motion to amend the indictment to reflect that the victim of the aggravated assault was Hoan Nguyen rather than Tran Nguyen. The court granted the motion, and offered appellant 10 days to prepare after the amendment. Appellant did not want to postpone trial, and wanted to proceed that day. However, appellant did say he "objected to the amendment period." The judge stated that if he did not allow the amendment, the State would dismiss the indictment and reindict him. Appellant then responded, "I'll object to it. Note and excepted." After that, he decided to accept the 10 days offered by the trial court. A trial ending in a mistri-

al occurred January 22, 1992. A trial resulting in a conviction occurred December 16, 1992.

A proper objection requires a specific objection to be made, if the specific grounds are not apparent from the context. *Lankston v. State,* 827 S.W.2d 907, 908 (Tex.Crim.App. 1992) (discussing trial objections); TEX. R.APP.P. 52(a).

■ In this case, it was apparent from the context of the last objection, after the judge stated the consequences of his refusing the amendment, appellant made an objection to amending the indictment at all. This apprised the court that appellant was objecting to the amendment, rather than the notice issue that was addressed by allowing the defendant 10 additional days to prepare for trial. Appellant's objection made the court aware of his objection to the indictment, particularly in light of the trial court's comments indicating the original indictment was erroneous and charged an offense against a different person. This objection properly preserved error.

Article 28.10 of the Code of Criminal Procedure permits the amendment of indictments for matters of form or substance. However, subsection (c) of this article restricts the amendments of indictments if the amendment charges the defendant with a different offense, or the substantial rights of the defendant would be prejudiced. Appellant argues only that appellant was charged with a different offense.

The meaning of the term "different offense" in TEX.CODE CRIM.P.ANN. art. 28.10(c) (Vernon 1989) has been addressed by the Court of Criminal Appeals in *Flowers v. State,* 815 S.W.2d 724 (Tex.Crim.App.1991). The Court stated that "different offense" as used in this article means different statutory offense. *Id.* at 728. To hold otherwise would nullify the language of that article permitting substantive changes to the indictment. *Id.* at 728–29.

Appellant urges us to follow the decision of the Fourteenth Court of Appeals in *Rose v.*

*State,* 807 S.W.2d 626 (Tex.App.—Houston [14th Dist.] 1991, no pet.), stating the indictment charges a different offense for purposes of this article if double jeopardy would bar trial on the amended indictment had the defendant been found guilty on the original indictment. *Id.* at 629. However, the subsequent language by the Court of Criminal Appeals in *Flowers* states the test is whether the indictment charges the same statutory offense. We decline to adopt *Rose.*

■ Appellant was charged with aggravated assault under both the original and amended indictments. These are the same statutory offenses; thus, this amendment does not violate the "different offense" prohibition in article 28.10. *Flowers,* 815 S.W.2d at 728. Appellant does not argue and we do not address whether the substantial rights of appellant were prejudiced by this amendment. We overrule appellant's first point of error.

## Mistrial

On January 22, 1992, the jury heard two hours of evidence. They returned the next day for the charge and closing arguments. At 10:45 a.m., they retired to deliberate. At 12:50 and 3:00 p.m., the foreman sent notes to the judge indicating the jury was deadlocked at 10 to 2. On each occasion, the judge told them to continue deliberations. The jurors sent a note to the judge sometime before 3:55,[1] stating, "Further deliberation will not affect a change! The not guilties refuse to participate in the discussion." The judge then sent the jury an *Allen* charge. The jury returned with another note stating, "We are deadlocked!! The two not guilties refuse to budge!" The judge responded that they should continue deliberations. The judge declared a mistrial at 4:00. The judge estimated the time of deliberations as being approximately four hours.

■ The court is permitted, in its discretion, to render a mistrial when the jury "has been kept together for such time as to ren-

---

1. The note is stamped by the clerk as filed at 3:55.

der it altogether improbable that it can agree." Tex.Code Crim.P.Ann. art. 36.31 (Vernon 1981). Whether the court abused its discretion is determined by the amount of time the jury deliberates in light of the nature of the case and the evidence. *Patterson v. State,* 598 S.W.2d 265, 268 (Tex.Crim.App. 1980). Whether it is improbable the jury would render a verdict may also be evidenced by how long the jury was deadlocked, and whether the margin of disagreement had changed during the course of deliberations. *See Beeman v. State,* 533 S.W.2d 799, 800–01 (Tex.Crim.App.1976); *Miller v. State,* 167 Tex.Crim. 561, 322 S.W.2d 289, 290–91 (1959).

■ The jury in this case deliberated four hours on evidence which took two hours to present. The jury remained deadlocked with the same margin of division for more than three hours without change. It was not an abuse of discretion for the court to declare a mistrial under these facts, and accordingly, we overrule appellant's second point of error.

**The charge**

■ Appellant complains in his third and fourth points of error about omissions from the jury charge. Appellant's third point of error states he was entitled to a charge on a lesser included offense of reckless conduct; his fourth point of error states he was entitled to an instruction on self-defense. When evidence from any source raises the issue of a lesser included offense or a defensive theory, it must be included in the charge. *Gibson v. State,* 726 S.W.2d 129, 132 (Tex.Crim.App.1987) (op. on reh'g). However, if the defensive theory simply negates an element of the offense, it is not necessary to charge on that theory. *Sanders v. State,* 707 S.W.2d 78, 81 (Tex.Crim.App. 1986). The court is not required to charge on an issue not raised by the evidence. *Carrillo v. State,* 591 S.W.2d 876, 890 (Tex.Crim. App.1979).

**1. Reckless Conduct**

■ A two-prong test must be met before a court is required to give a jury charge on a lesser included offense. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record allowing a rational jury to conclude that if the defendant is guilty, he is guilty only of the lesser included offense. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex. Crim.App.1993); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981); *Blalock v. State,* 847 S.W.2d 461, 463 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

■ The State does not dispute that reckless conduct is a lesser included offense of aggravated assault, and we agree. *Bell v. State,* 693 S.W.2d 434, 437–39 (Tex.Crim.App. 1985). However, the State argues appellant is not entitled to the instruction because reckless conduct is not raised by the evidence.

■ Appellant argues he is entitled to the charge because the State failed to prove appellant pointed a gun at the complainant with the intent to threaten him, and that the jury could have found appellant guilty only of a lesser included offense of reckless conduct. However, "simply because the jury could refuse to believe one or more of the elements of an alleged offense does not entitle a defendant to a charge including a lesser offense." *Blalock v. State,* 847 S.W.2d 461, 464 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). Absent any affirmative evidence raising the issue of reckless conduct, appellant is not entitled to a jury instruction on reckless conduct. Accordingly, we overrule appellant's third point of error.

**2. Self–Defense**

■ Appellant argues in his fourth point of error he was entitled to a jury instruction on self-defense. It is true a defendant is entitled to such an instruction if the issue is raised by the evidence, whether that evidence be strong, feeble, unimpeached or contradicted. *Sanders v. State,* 707 S.W.2d 78, 80 (Tex.Crim.App.1986).

The use of force against another for self-defense is justified "when and to the degree

[the actor] reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." TEX.PENAL CODE ANN. § 9.31 (Vernon Supp.1994). The use of deadly force requires a showing that the use of deadly force is immediately necessary, and a reasonable person in the actor's situation would not have retreated. TEX.PENAL CODE ANN. § 9.32 (Vernon Supp.1994).

The facts of this case do not raise the issue of self-defense. The evidence is uncontradicted that appellant pulled his gun on Hoan Nguyen before Mana Van Nguyen pointed his gun at appellant. Clearly, appellant's assault on Hoan Nguyen was not necessary to protect himself against Mana Van Nguyen, because the assault occurred before Mana Van Nguyen used force. Because the evidence does not raise the issue of self-defense, we overrule appellant's fourth point of error.

**Sufficiency of the evidence**

Appellant argues in his fifth point of error there was insufficient evidence to support a conviction for aggravated assault because the evidence produced against appellant was not credible. Appellant specifically attacks the evidence supporting appellant's intent to threaten harm to the complainant by using a firearm.

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict·to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991). The trier of fact is the sole judge of the credibility of witnesses, and may choose to believe or disbelieve all or any part of a witness' testimony. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim.App.1991); *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

Each of the State's witnesses testified appellant pointed a gun at Hoan's head, and followed him towards the door as he crawled on the floor. This evidence is sufficient for the jury to have found, beyond a reasonable doubt, that appellant intended to threaten harm to the complainant by using a firearm. We overrule appellant's fifth point of error.

Appellant argues in his sixth point of error the evidence is factually insufficient to support a conviction because the evidence was not credible. Appellant relies on *Meraz v. State,* 785 S.W.2d 146, 155 (Tex.Crim.App. 1990), in urging this Court to engage in a review of the factual sufficiency of the evidence. However, where the appellant has no burden of proof on any of the issues, this Court has declined to engage in a factual review of the evidence. *Moody v. State,* 830 S.W.2d 698, 704 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Blackmon v. State,* 830 S.W.2d 711, 713 n. 1 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Jones v. State,* 817 S.W.2d 854, 855–56 (Tex.App.—Houston [1st Dist.] 1991, no pet.). We also decline to do so in this case. We overrule appellant's sixth point of error.

We affirm the judgment of the trial court.