Opinion issued March 23, 2006












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00729-CR




STEPHEN LEE WEGNER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 39,116




MEMORANDUM OPINION
          A jury convicted appellant, Stephen Lee Wegner, of aggravated assault and
assessed his punishment at two years’ confinement. In nine issues on appeal,
appellant contends that the trial court erred by (1) refusing to instruct the jury on the
lesser-included offense of deadly conduct; (2) refusing to charge the jury on self-defense; (3) refusing to charge the jury on the common-law right to arm oneself; (4-7)
refusing to grant several challenges for cause during voir dire; and (8) instructing the
jury that appellant could earn time off his sentence through good conduct time. 
Appellant also contends that (9) the evidence is legally insufficient to support a
conviction. We affirm.
BACKGROUND
          In the early morning hours of October 18, 2003, Lillian Ferrell was driving
home from a friend’s house. The complainant, Sonya Hernandez, was in the
passenger seat. When a car in front of them turned suddenly, Lillian had to put on her
brakes quickly to avoid hitting the car. In turn, appellant, who was driving the truck
behind Lillian, had to apply his brakes quickly to keep from hitting Lillian’s car. As
they proceeded home, the women noticed appellant’s truck getting closer and closer. 
At times, appellant would get so close that the women could not see his headlights,
and then he would back off. Sonya thought that appellant was going to hit them.
          At one point, appellant started to pass the women, but he slowed down and
remained behind them. Lillian testified that she did nothing to hinder appellant from
passing her. After making several turns with appellant continuing to follow, Lillian
turned into her father’s driveway. Appellant stopped his truck on the street,
approximately 15 feet from the house. Lillian and Sonya got out of the
car—appellant had already gotten out of his truck. Sonya and appellant began yelling
at one another. Appellant said, “F------ bitches, ya’ll don’t know how to drive,” and
“[y]’all don’t know what y’all are getting yourselves into.” He then said that he “had
something for them,” and he went back to his truck and retrieved a shotgun. Both
Lillian and Sonya testified that appellant pointed the shotgun at each of them. They
froze because they were afraid appellant was going to shoot them. Sonya yelled at
her father, who was on the front porch of the house, that appellant had a gun. 
Appellant stood there pointing the gun at each of them for a “little bit, then he turned
around and got in his truck and left,” spinning his tires as he did so. Sonya wrote
down appellant’s license plate number as he left, and then she called the police. 
Appellant was later arrested. There was a box of shotgun shells found in his truck.
          Appellant, testifying on his own behalf, said that, on the night of the offense,
he was driving home from a friend’s house. He had killed some doves earlier in the
day and had driven over to his friend’s house to clean the birds. After cleaning the
birds and drinking a few beers, appellant was heading home when he noticed a slow-moving vehicle, which he had to hit his brakes to avoid. Appellant testified that he
then tried to pass the car three times, but each time it pulled over in front of him. 
Appellant testified that he was “curious to see what they were up to,” so he began
following about two car lengths behind. He testified that the car pulled partially in
a driveway and “both doors flew open and the two occupants went in front of the
doors towards the front of the car.” Appellant testified that he traveled that area night
and day and he had never seen a vehicle park where the car had stopped so he became
“kind of suspicious, especially when they didn’t pull all the way in [the driveway]. 
So, he stopped his truck. Appellant stated that he “pulled the shotgun out” and
walked to the edge of his door when he heard a girl’s voice saying, “Oh, he’s got a
shotgun.” He said that he then turned around, put the gun back in its case, and “took
off.”
          Appellant said that he had taken his gun out because he did not know who was
in the car until he heard the girl’s voice. Appellant denied ever pointing the gun at
either of the women or saying anything to them. He denied threatening either of them
at all. He admitting spinning his tires when he left and said that he was “pretty
upset.”
JURY CHARGE
Lesser-Included Offense
          In issue one, appellant contends that the trial court erred by refusing to charge
the jury on the lesser-included offense of deadly conduct. We use a two-pronged test
to determine whether a defendant is entitled to a lesser-included offense instruction 
See Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). First, we
determine if proof of the charged offense includes the proof required to establish the
lesser-included offense. Ferrel v. State, 55 S.W.3d 586, 589 (Tex. Crim. App. 2001).
Second, we decide if there is some evidence in the record that would permit a jury to
rationally find that, if the defendant is guilty, he is guilty only of the lesser offense. 
 Id. Such evidence must be directly germane to a lesser-included offense before an
instruction is warranted. Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). 
We must review all evidence presented at trial to make this determination. Rousseau,
855 S.W.2d at 673. If the evidence raises the issue of a lesser-included offense, a jury
charge must be given based on that evidence, “whether produced by the State or the
defendant and whether it be strong, weak, unimpeached, or contradicted.” Id. at 672
(quoting Bell v. State, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985).
          In this case, the State does not contend that deadly conduct is not a lesser
included offense of aggravated assault. See Bell, 693 S.W.2d at 438-39 (holding that
reckless conduct is lesser included offense of aggravated assault by use of a deadly
weapon); see also Bynum v. State, 874 S.W.2d 903, 907 (Tex. App.—Houston [1st
Dist.] 1994, pet. ref’d) (same).


 
          Therefore, we turn to the second prong of the test, i.e., whether the record
contains evidence to show that, if appellant is guilty, he is only guilty of deadly
conduct. The primary difference between aggravated assault with a deadly weapon
and deadly conduct is the culpable mental state. Aggravated assault requires that the
defendant (1) intentionally or knowingly threaten another, (2) with imminent bodily
injury, (3) while using or exhibiting a deadly weapon. See Tex. Pen. Code Ann. §
22.01(a)(2), 22.02(a)(2) (Vernon Supp. 2005). In contrast, deadly conduct requires
that the defendant (1) recklessly engages in conduct (2) that places another in
imminent danger of serious bodily injury. See Tex. Pen. Code Ann. § 22.05(a)
(Vernon 2003). The deadly conduct statute further provides that “recklessness and
danger are presumed if the actor knowingly pointed a firearm at or in the direction of
another whether or not the actor believed the firearm to be loaded.” Id. at 22.05(c).
          Appellant argues that there was evidence from which the jury could reasonably
infer that, although he “knowingly pointed the firearm at the complainant, he did not
intend to threaten her.” To support this assertion, appellant relies on Lillian’s
testimony in which she states that appellant did not say anything while he was
pointing the gun at them.
          This, however, is a mischaracterization of Lillian’s testimony. Lillian actually
testified that appellant first said, “F------ bitches, y’all don’t know how to drive,” and,
when an argument ensued with Sonya, appellant retrieved his shotgun from the truck
and pointed it at the women without saying anything further. Sonya testified that
appellant yelled, “Ya’ll don’t know what ya’ll are getting yoursevlves into”
immediately before retreiving the gun, which he pointed at both women without
verbalizing any further threats. This, however, is not evidence of mere reckless
conduct, but a deliberate, intentional threat arising out of a heated argument.
          In contrast, appellant testified at trial that he did not point the gun in the
direction of the women at all, nor did he say anything to them. In other words,
appellant denied having committed either aggravated assault or deadly conduct. If
a defendant either offers evidence that he committed no offense or presents no
evidence and there is no evidence showing he is guilty only of a lesser-included
offense, then a charge on a lesser-included offense is not required. Bignall, 887
S.W.2d at 22-24. In this case, the evidence showed either (1) that appellant acted
intentionally in threatening the women (aggravated assault) or (2) that he did not
commit an offense at all. There is no evidence to raise the issue of deadly conduct. 
Accordingly, the trial court did not err in refusing to submit a deadly conduct charge.
          We overrule issue one.
Self Defense
          In issue two, appellant contends that the trial court erred in refusing to instruct
the jury on self defense. He contends that the evidence raised the issue of self
defense because he did not know who was in the car until he got out of his truck with
his gun and then heard the women’s voices, at which time he realized that he was not
in danger. “[A] person is justified in using force against another when and to the
degree he reasonably believes the force is immediately necessary to protect himself
against the other’s use or attempted use of unlawful force.” Tex. Pen. Code Ann. §
9.31 (Vernon Supp. 2005). To rely on “self-defense,” the defendant must first admit
committing the conduct which forms the basis of the indictment; the defense is
inconsistent with a denial of the conduct. Kimbrough v. State, 959 S.W.2d 634, 640
(Tex. App.—Houston [1st Dist.] 1995, pet. ref’d); MacDonald v. State, 761 S.W.2d
56, 60 (Tex. App.—Houston [14th Dist.] 1988, pet. ref’d). However, the Court of
Criminal Appeals has explained that “admitting the conduct” does not always mean
admitting the commission of every statutory element of the offense. Martinez v.
State, 775 S.W.2d 645, 645 (Tex. Crim. App. 1989). In Martinez, the defendant
admitted to pulling a gun, firing into the air, and having his finger on the trigger when
the fatal shot was fired. Id. at 647. However, he denied the element of “intent to
kill.” Id. The Court held that he had “sufficiently admit [ted] to the commission of
the offense.” Id.
          In this case, appellant denied not only the element of intent; he denied the
conduct giving rise to the offense, i.e., threatening another with imminent bodily
injury. He admitted only to getting out of his truck while holding a shotgun. 
Accordingly, he did not “substantially admit” to the underlying conduct, and he
cannot rely on a claim of “self defense.”
          Furthermore, there is no evidence in the record to show that appellant
reasonably believed that force was immediately necessary to protect himself against
the other’s use or attempted use of unlawful force. There was no testimony to suggest
that appellant believed the women were armed. In fact, appellant testified that the
women were running toward the front of the car and away from him when they got
out of their car.
          Accordingly, the trial court did not err by refusing to instruct the jury on self
defense. We overrule issue two. 
Right to Arm Oneself
          In issue three, appellant contends that the trial court erred by refusing to charge
the jury on the common-law right to arm oneself and seek a peaceful resolution. 
However, such common-law right has been legislatively abolished. See Tijerina v.
State 921 S.W.2d 287, 290 (Tex. App.—Corpus Christi 1996, no pet); Vaughn v.
State, 888 S.W.2d 62, 71 n.2 (Tex. App.—Houston [1st Dist.] 1994, aff’d per curiam,
931 S.W.2d 564 (Tex. Crim. App. 1996). 
          Accordingly, we overrule issue three.
 
Good Conduct Time Instruction
          In issue eight, appellant contends that the trial court erred by instructing the
jury at punishment that, “[u]nder the law applicable in this case, the Defendant, if
sentenced to a term of imprisonment, may earn time off the period of incarceration
imposed through the award of good conduct time.” Specifically, appellant contends
that “[a]lthough a prisoner may be awarded good conduct time, this will not entitle
him to a reduction of the period of his incarceration if the jury has made a finding of
a deadly weapon.” See Tex. Code Crim. Proc. Ann. art. 508.145 (Vernon 2005)
(stating that, if there is a deadly weapon finding, inmate is not eligible for parole until
the inmate’s actual calendar time served, without consideration of good conduct time,
equals one-half of the sentence or 30 calendar years). Thus, appellant argues that the
good conduct time charge should not have been given because, although he can
accrue good time, he cannot use it to reduce his sentence until he has served one-half
of it.
          The Texas Court of Criminal Appeals considered and rejected this argument
in Luquis v. State, 72 S.W.3d 355, 362-63 (Tex. Crim. App. 2002). This Court has
done likewise. See Bui v. State, 68 S.W.3d 830, 841-43 (Tex. App.—Houston [1st
Dist.] 2002, no pet.) Therefore, we similarly conclude that the trial judge did not err
by giving the charge, as he is mandated to do by statute. Luquis, 355 S.W.3d at 363.
          We overrule issue eight.
VOIR DIRE
          In issues four through seven, appellant contends that the trial court erred by
denying his challenges for cause against four prospective jurors. Specifically,
appellant contends that four of the prospective jurors indicated during voir dire that
they could not consider the full range of punishment.
          To preserve error on a claim that the trial court erred by denying a challenge
for cause, a defendant must meet the requirements set forth in Johnson v. State, 43
S.W.3d 1, 5-6 (Tex. Crim. App. 2001). That is, a defendant must show that he (1)
exercised his peremptory challenges on the venire member whom the trial court
erroneously failed to excuse for cause, (2) exhausted his peremptory challenges, and
(3) was denied a request. Id. However, compliance with Johnson alone is
insufficient to preserve error on a denial of a challenge for cause—a defendant must
also show that he complied Texas Rule of Appellate Procedure 33.1 by making the
trial court aware of a specific complaint at a time and in such a manner that it could
have been corrected. Loredo v. State, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004). 
Put another way, the defendant must tell the trial court why his motion for cause
should be granted. Id. at 924.
          At the close of voir dire, the following exchange took place between the trial
court and the attorneys:
[The Court]: Okay. Give me the numbers of jurors you wish to
challenge for cause by numbers first.
 
[Proscutor]: State has none.
 
[The Court]: Defendant?
 
[Defense Counsel]: No. 12, Mr. Zenker, No. 13, Mr. Hartfield, No. 15,
Dr. Cress, No. 21, Mr. Robbins, No. 30, Ms. Lanza, No 31, Beylleveld,
No. 32, Mr. Kizer, No 34, Mr. Barker, No. 38, Mr. Davis, No. 39, Mr.
Cullar, and No. 45, Mr. Psyk.
 
[The Court]: What about the doctor’s appointment on No. 14, any
objection to excusing him?
 
[The Prosecutor]: Mr. Lee?
 
[The Court]: Yes.
 
[Prosecutor]: I don’t have any problem.
 
[Defense Counsel]: By agreement we agree to excuse Mr. Lee.
 
[The Court]: Okay. 30 and 31 are sustained. The others are denied. 
The zone goes through No. 35. Have you got a red pen? Make your
strikes in red, number 1 through 10 and sign them.
 
[Defense Counsel]: Okay. Your Honor, for the record, Judge, we would 
request three additional peremptory strikes since our challenges for cause were
not granted.
 
[The Court]: Denied.

          Although appellant objected to prospective jurors Cress, Robbins, Kizer, and
Barker for cause, he never made any effort to explain to the trial court why they
should be removed for cause. As such, appellant failed to comply with rule 33.1 and
his issues on appeal are waived.



          Accordingly, we overrule issues four through seven.
LEGAL SUFFICIENCY
          In issue nine, appellant contends that the evidence is legally insufficient to
support the verdict. Specifically, appellant contends that there is no evidence to show
that he threatened the complainant. 
          In reviewing the evidence on legal sufficiency grounds, we view the evidence
in the light most favorable to the prosecution to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979);
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000);
          Lillian testified that, when he got out of his truck, appellant said “F------
bitches, y’all don’t know how to drive.” After telling the women that they did not
know how to drive, appellant said that “he had something for them,” and he went
back to his truck and got the shotgun. Similarly, Sonya testified that appellant said
“Y’all don’t know how to drive, y’all don’t know what y’all are getting yourselves
into,” and then pulled out his shotgun. Both women testified that appellant pointed
the gun at each of them, and both testified that they were afraid that he was going to
shoot them. From this evidence, the jury could have found that appellant
intentionally or knowingly threatened Sonya with imminent bodily injury, while using
or exhibiting a deadly weapon. See Ward v. State, 113 S.W.3d 518, 521 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d) (holding that aiming a deadly weapon at
victim is sufficient evidence of threat to sustain aggravated assault conviction); see
also Anderson v. State, 11 S.W.3d 369, 375-76 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d) (same).
          Accordingly, we overrule issue nine.
CONCLUSION
          We affirm the judgment of the trial court.                                                



                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).