COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-11-00338-CR |
|  | § |  |
| Appellant, | § | Appeal from |
|  | § |  |
| v. | § | County Criminal Court No. 3 |
|  | § |  |
| JUAN LOERA, | § | of El Paso County, Texas |
|  | § |  |
| Appellee. | § | (TC # 20100C02109) |
|  | § |  |

## **O P I N I O N**

The State of Texas appeals from an order denying the State's motion to amend the information. We reverse and remand.

## **FACTUAL SUMMARY**

The State filed an information charging Juan Loera with assaulting Javier Hernandez on May 1, 2009 by striking him about the hand with Loera's hands, by striking him about the body with Loera's hands, by kicking him about the body, and by kicking Hernandez about the head. On August 9, 2011, the State filed a motion to amend the information by changing the date of offense to February 21, 2009 and the victim's name to "Ricky Hernandez." The State also moved to amend the information to allege that Loera assaulted Hernandez by striking him about the head with the defendant's hand, by striking Hernandez about the body with the defendant's hand, by kicking Hernandez about the body "with the said Defendant's foot," and by kicking

Hernandez about the head "with the said Defendant's foot." Attached to the motion to amend was a copy of the complaint affidavit, dated April 25, 2009, prepared by Detective Maria Jordan of the Socorro Police Department. Detective Jordan averred that the victim, "Ricky Rocky Hernandez," was assaulted by several individuals outside of a bar in Socorro, Texas, on February 21, 2009, and both the victim and his common-law wife, Velerie Mata, identified Loera as one of the individuals who assaulted Hernandez. The trial court granted the motion on August 10, 2011 and the information was amended by physical interlineation. The record does not reflect who made the physical interlineation on the face of the charging instrument or the date it was done.

More than two weeks after the trial court signed the order approving the amendment, Loera filed a motion to dismiss contending that Javier Hernandez and Ricky Hernandez are not the same person, and therefore, the State had charged him with a new offense more than two years after the alleged offense. He argued that the prosecution was barred by the applicable two-year statute of limitations. Loera also filed an objection to the State's motion on the ground it charged him with a new offense. At the hearing, the State took the position that it had amended the information simply to correct clerical errors in the date of offense and the victim's name and the prosecutor directed the court's attention to the complaint affidavit. Following the hearing, the trial court entered an order which granted what it referred to as Loera's "Motion to Reconsider State's Motion to Amend Information," rescinded the court's prior order granting the State's motion, and denied the State's motion to amend.

**THE STATE'S RIGHT TO APPEAL**

The State has a right to appeal any order that dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint. TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1)(West Supp. 2012). Pursuant to Article 44.01(a)(1), the State

can appeal any trial court order concerning an indictment or information whenever the order effectively terminates the prosecution in favor of the defendant. *See State v. Moreno*, 807 S.W.2d 327, 332 (Tex.Crim.App. 1991). The right to appeal under this statute includes an order which forces any alteration of the indictment or information before trial and the State is unwilling to comply with that order. *See Moreno*, 807 S.W.2d at 334. The trial court's order, in effect, altered the amended information and restored the charging instrument's original allegations. Thus, the trial court is forcing the State to (1) go to trial on the information which contains the erroneous allegations of the date of the offense and the victim's name, or (2) dismiss the prosecution and file a new information. The fact that the State has appealed the decision of the trial court clearly indicates that the State is unwilling to do either. *Moreno*, 807 S.W.2d at 334. We conclude that the order is appealable by the State because it effectively terminated the prosecution. *See id.*

## AMENDMENT OF THE INFORMATION

In its sole issue, the State challenges the trial court's order on two bases. First, the State asserts that once the information had been physically altered, the trial court did not have authority to direct the State to make further changes to the information over its objection. In effect, the State argues that the trial court could not reconsider its order permitting the amendment of the information. Second, the State argues that even if the trial court could reconsider its order granting the State's motion to amend, the court erred by denying the State's motion to amend because none of the restrictions upon the State's right to amend are applicable.

### *The Standard of Review*

The issues presented by the State are questions of law and do not turn on an evaluation of the credibility or demeanor of a witness. The trial court based its decision on the charging

instrument, the State's motion to amend the information, Loera's objection to the amendment of the information, and the arguments of counsel. Because the trial court was not in a better position than this court to decide the issues, we review them *de novo*. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004)(sufficiency of the indictment reviewed *de novo* rather than for an abuse of discretion).

*Trial Court's Authority to Reconsider Amendment of Information*

Articles 28.10 and 28.11 of the Code of Criminal Procedure govern the amendment by the State of a charging instrument. TEX.CODE CRIM.PROC.ANN. arts. 28.10, 28.11 (West 2006). Article 28.10 provides that:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Under Article 28.11, all amendments must be made with leave of court and under its direction. TEX.CODE CRIM.PROC.ANN. art. 28.11. Neither the State's motion to amend nor the trial court's granting thereof is an amendment; rather the two comprise the authorization for the eventual amendment of the charging instrument pursuant to Article 28.10. *Riney v. State*, 28 S.W.3d 561, 565 (Tex.Crim.App. 2000); *Ward v. State*, 829 S.W.2d 787, 793 (Tex.Crim.App. 1992). One method of amendment is physical interlineation of the original indictment or information found in the clerk's file. *Riney*, 28 S.W.3d at 565, *citing Eastep v. State*, 941 S.W.2d 130, 132

- 4 -

(Tex.Crim.App. 1997); *Ward*, 829 S.W.2d at 794.

Here, the amendment became complete when the changes approved by the court were made to the original charging instrument by physical interlineation. *See id.* at 565. The trial court certainly could have reconsidered its order granting the State's motion to amend prior to the physical alteration of the charging instrument. *See Maye v. State*, 966 S.W.2d 140, 142 (Tex.App.--Houston [14th Dist.] 1998, no pet.)(stating that a court has full control of its orders or judgments during the term at which they are made, and may, upon sufficient cause shown, in exercise of its sound discretion, amend, correct, revise, supplement, open, or vacate such judgments). The State makes a compelling argument that once the amendment to the information had been completed by interlineation on the original charging instrument, the trial court could not rescind its prior order approving the amendment because that would have the effect of ordering the State to amend the indictment over its objection. It cites several cases for the proposition that the decision as to what charges are to be brought against a defendant rests entirely within the discretion of the State. *See e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978); *Neal v. State*, 150 S.W.3d 169, 173 (Tex.Crim.App. 2004); *Ex parte Quintana*, 346 S.W.3d 681, 685 (Tex.App.--El Paso 2009, pet. ref'd). Articles 28.10 and 28.11 do not expressly address whether the trial court is authorized to rescind its approval *after* the amendment has been physically accomplished, but Article 28.11 provides that amendment must be done with leave of court and at the court's direction. We conclude that the trial court's discretion to grant the motion and direct how the amendment is to be accomplished necessarily includes discretion to reconsider its ruling particularly when presented with an objection by the defendant that the amendment charged him with a new offense. The State's first argument is without merit.

- 5 -

*Denial of the State's Motion to Amend the Information*

The State next argues that even if the trial court could reconsider its prior ruling after the amendment was effectuated, the court erred by denying the State's motion to amend because: (1) Loera's right to 10 days to respond to the amendment is not implicated; (2) the amended information did not charge him with an additional or different offense; (3) the amended information did not prejudice Loera's substantial rights; and (4) Loera's prosecution under the amended information is not barred by the statute of limitations.

### 1. Notice Under Article 28.10(a)

The State argues that Loera's right to ten days' notice was not implicated because the case was not set for trial and was only set for a status conference on September 12, 2011. Loera responds that he was entitled to ten days to respond to the State's motion to amend, he was not properly served because the State faxed its motion to him, and the trial court granted the motion only one day after it was filed. Loera did not raise any of these arguments in the trial court as a ground for denying the motion. Consequently, they are waived. Even if Loera had made these arguments in the trial court, Article 28.10(a) does not provide a basis for the trial court's denial of the State's motion to amend.

Article 28.10(a) provides: "After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information." TEX.CODE CRIM.PROC.ANN. art. 28.10(a). Loera incorrectly construes this statute as requiring that the defendant be given ten days' notice of the motion to amend. The first sentence of Article 28.10(a) states simply that a charging instrument may be

amended at any time before trial after notice to the defendant and does not specify how much notice is required. The second sentence provides that the defendant is entitled, upon request, to ten days to respond to the amended information. This means that after the court grants the motion to amend and the charging instrument is amended at the direction of the trial court, the defendant can request that he be given ten days in which to respond to that newly amended information or indictment. Giving the defendant ten days to respond to the amended charging instrument is consistent with other provisions in the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 1.051(e) (West Supp. 2012)("An appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court."); TEX.CODE CRIM.PROC.ANN. art. 27.11 (West 2006)("In all cases the defendant shall be allowed ten entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings."); TEX.CODE CRIM.PROC.ANN. art. 28.01, § 2 (West 2006)(requiring the defendant to have sufficient notice of the court setting a case for pre-trial hearing under Article 28.01, § 1 to allow the defendant not less than ten days to raise or file preliminary matters).

The State filed its motion to amend at 3:45 p.m. on August 9, 2011 and the certificate of service recites that the prosecutor faxed the motion to Loera's counsel that same day. The trial court initially granted that motion but it rescinded the order and reconsidered the State's motion. The record establishes that Loera had actual notice of the motion no later than August 15, 2011 because court-appointed counsel's invoice for payment submitted to the trial court reflects that he spent one hour on that date to "Receive and review States [sic] Motion to Amend Information." Thus, at the time of the hearing on October 4, 2011 when the court was reconsidering the State's motion to amend, Loera had received sufficient notice of the State's

motion. Article 28.10(a) was not violated because Loera had more than ten days to respond.

We agree with the State that Loera's entitlement to ten days in which to respond to the amended information is not implicated. When the trial court initially granted the motion to amend on August 10, 2011, Loera did not request ten days to respond pursuant to Article 28.10(a). Further, the case was not set for pretrial hearings or trial and was only set for a status conference on September 12, 2011. Similarly, when the court heard the parties' competing motions on October 4, 2011, the case did not have a trial setting. If the court had granted the State's motion rather than denying it, Loera would have been entitled to request ten days to respond and prepare for trial. Article 28.10(a) does not support the trial court's decision to deny the State's motion to amend.

2. Additional or Different Offense

Article 28.10(c) provides that an information may not be amended over the defendant's objection if the amended information charges an additional or different offense. TEX.CODE CRIM.PROC.ANN. art. 28.10(c). In the trial court, Loera opposed the amendment on the ground that changing the name of the victim and the date of the offense charged him with a different offense. This argument is without merit. For purposes of Article 28.10(c), a "different offense" means a different statutory offense. *Flowers v. State*, 815 S.W.2d 724, 728-29 (Tex.Crim.App. 1991). A change in an element of an offense changes the evidence required to prove that offense, but it is still the same offense. *Flowers*, 815 S.W.2d at 728; *Bynum v. State*, 874 S.W.2d 903, 906 (Tex.App.--Houston [1st Dist.] 1994, pet. ref'd). The amendment to the information which corrected the victim's name from Javier Hernandez to Ricky Hernandez and the date of the offense from May 1, 2009 to February 21, 2009 still charged Loera with assault and did not charge him with a different statutory offense. *See Flowers*, 815 S.W.2d at 728-29 (amendment

of indictment to change name of owner of property that was subject of theft charge did not charge "different offense" in violation of statute; different offense meant different statutory offense); *Bynum*, 874 S.W.2d at 906 (amendment of aggravated assault indictment to change name of the victim did not allege a different offense). Consequently, the trial court erred by impliedly concluding that the information could not be amended over Loera's objection because it charged him with a different offense under Article 28.10(c).

### 3. Prejudice to Loera's Substantial Rights

Article 28.10(c) also provides that an information may not be amended over the defendant's objection if the substantial rights of the defendant are prejudiced. TEX.CODE CRIM.PROC.ANN. art. 28.10(c). We review the record to determine whether the pre-trial amendment of the charging instrument impaired the defendant's ability to prepare his defense. *Flowers*, 815 S.W.2d at 729; *see Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App. 1986)(stating that the important question in determining whether a defendant's substantial rights were prejudiced is whether a defendant had notice adequate to prepare his defense.).

Changing an element, such as the name of the complainant and the date of the offense, changes the evidence needed to prove the offense. *See Flowers*, 815 S.W.2d at 729. The Court of Criminal Appeals noted in *Flowers* that if such an amendment is made on the basis of the same incident upon which the original indictment is based, it will, in most cases, be permissible under the substantial rights provision after a review of the record for prejudice. *Id.*, *citing Adams*, 707 S.W.2d at 903. Loera claimed in the trial court that he had been preparing his defense based upon the allegation that the victim's name was Javier Hernandez and the date of the offense was May 1, 2009, but the complaint affidavit supporting the information reflects that the victim's name was Ricky Hernandez and the date of the offense was February 21, 2009. In

that affidavit, Detective Jordan averred that the victim's common law wife, Velerie Mata, stated that Hernandez, Mata, and another person left Champs Sports Bar on the evening of February 21, 2009 and got into their vehicle when several individuals, including Loera, pulled Hernandez out of the vehicle and began striking him with their hands and feet. Defense counsel stated at the beginning of the hearing that the assault charge against Loera arose out of a fight at a bar called Champs in Socorro, Texas and that his client was a bartender. Counsel's statements about the incident and the alleged basis of the assault charge are consistent with Detective Jordan's complaint affidavit. The record affirmatively reflects that the amended information is based on the same incident as the original information. In the absence of any evidence in the record that the amendment would impair the rights of Loera to prepare his defense or any other substantial right, the trial court erred by denying the State's motion to amend the information.

### 4. The Statute of Limitations

The State also addresses Loera's argument that it could not amend the information to allege a new offense occurring outside of the two year limitations period. Article 12.02 of Code of Criminal Procedure requires that misdemeanor charges be filed within two years of the date of the offense. TEX.CODE CRIM.PROC.ANN. art. 12.02 (West Supp. 2012). Under Article 12.05(b), the time during the pendency of an indictment, information, or complaint is not computed in the period of limitation. TEX.CODE CRIM.PROC.ANN. art. 12.05(b)(West 2005). The Code of Criminal Procedure defines the term "during the pendency" as used in Article 12.05(b) to mean "that period of time beginning with the date the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason. TEX.CODE CRIM.PROC.ANN. art. 12.05(c).

We have already determined that the State's proposed amendment did not result in a different offense under Article 28.10(c) and both the original information and the proposed amendment arose out of the same incident. Consequently, the filing of the original information on March 2, 2010 tolled the statute of limitations pursuant to Article 12.05(b). *See Hernandez v. State*, 127 S.W.3d 768, 774 (Tex.Crim.App. 2004)(holding that a prior indictment tolls the statute of limitations under Article 12.05(b) for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction); *Ahmad v. State*, 295 S.W.3d 731, 741-42 (Tex.App.--Fort Worth 2009, pet. ref'd)(following *Hernandez*). The trial court erred by concluding that the State could not move to amend the information after February 21, 2011 (two years from the date of the offense). For all of the foregoing reasons, we conclude that the trial court erred by denying the State's motion to amend the information. The State's sole issue on appeal is sustained. We reverse the trial court's order and remand the cause to the trial court for further proceedings consistent with this opinion.


October 16, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)